751 So.2d 820 (1999)
Fred PETERSON
v.
GIBRALTAR SAVINGS AND LOAN, INC., The Galleria Investment Corporation, d/b/a Galleria One and/or The Galleria, et al.
Nos. 98-C-1601, 98-C-1609.
Supreme Court of Louisiana.
September 3, 1999.

*821 ON REHEARING
PER CURIAM.[*]
Rehearing granted in part; otherwise denied. The application for rehearing is granted solely on the issue of whether sanctions should be imposed on the Gibraltar defendants[1] and their attorneys for failure to timely disclose the existence of a ten million dollar ($10,000,000.00) excess insurance policy written by Reliance Insurance Company. To that end, we remand the case to the district court with instructions to conduct a hearing in which the Gibraltar defendants and their attorneys are ordered to show cause why they should not be held in contempt of court and/or sanctioned for alleged discovery violations. In all other respects, the application for rehearing is denied and the case is final on the merits.

BACKGROUND
Plaintiff asserts that the Gibraltar defendants and the attorneys representing them introduced into evidence at trial Reliance's one million dollar ($1,000,000.00) insurance policy, implying, if not suggesting, to the court and to the plaintiff that it was the only available insurance policy. Plaintiff further contends that the Gibraltar defendants, and Reliance in particular, failed to disclose to the plaintiff during discovery, and to the district court during trial, the existence of a $10,000,000.00 excess insurance policy also written by Reliance. According to plaintiff, the Gibraltar *822 defendants, including Reliance, and their attorneys did not disclose the existence of the excess policy until after the court of appeal rendered judgment in plaintiff's favor. Plaintiff further contends that the Gibraltar defendants, Reliance, and their attorneys only disclosed the insurance policy after plaintiff notified them that he was seeking to "purchase" the rights of the Gibraltar defendants' successors against the insurer for failure to settle within policy limits. The Gibraltar defendants respond that Reliance inadvertently failed to disclose the existence of the excess policy to the plaintiff and that it acknowledged the existence of the policy in the court of appeal once it was discovered. To date, neither the Gibraltar defendants nor Reliance have produced the policy.

LAW
The United States Supreme Court has recognized that, upon their creation, courts are universally acknowledged to be vested with the power to impose silence, respect, decorum, and submission to their lawful mandates. Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991) (citing Anderson v. Dunn, 19 U.S. (6 Wheat.) 204, 227, 5 L.Ed. 242 (1821)). These inherent powers are not governed by rules or statutes, but by control necessarily vested in courts to manage their own affairs and to achieve the orderly and prompt disposition of cases. Id. (citing Link v. Wabash R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)). This power, while incidental to all courts, must always be exercised with "great caution." Id.
In Chambers, the Court acknowledged that the power to punish for contempt is inherent in all courts. Such power reaches to both conduct before the court and conduct outside the court's presence. Id. at 44, 111 S.Ct. at 2132. Invocation of a court's inherent power automatically requires a finding of bad faith and the court must comply with the mandates of due process. Id. at 49, 50, 111 S.Ct. at 2135, 2136. A court's imposition of sanctions under its inherent power is reviewed for abuse of discretion. Id. at 55, 111 S.Ct. at 2138.
Sanctions available to the trial court include contempt proceedings and/or the assessment of attorney's fees and costs against the culpable party. Furthermore, if it is determined the attorneys involved wilfully concealed the excess insurance policy, they could be referred to disciplinary counsel.
Because no record exists to aid this Court in evaluating plaintiff's allegations of discovery abuse, we find it necessary to remand the case to the district court for a contradictory hearing to determine what, if any, sanctions are appropriate. The scope of the hearing should encompass all issues relevant to the nondisclosure of the excess policy, including but not limited to whether the Gibraltar defendants and/or their attorneys intentionally (or with some lesser degree of fault), and in bad faith, failed to disclose the excess policy.

DECREE
Rehearing granted in part; otherwise denied. The case is remanded to the district court for further proceedings consistent with this opinion.
CALOGERO, C.J., concurs in part and dissents in part from the court's disposition of the plaintiff's application for rehearing.
KNOLL, J., concurs in part and dissents in part for reasons assigned by CALOGERO, C.J.
CALOGERO, C.J., concurring in part and dissenting in part.
I concur in the Court's remanding the matter to the district court to conduct a hearing in which the Gibraltar defendants and their attorneys are ordered to show cause why they should not be held in contempt of court and/or sanctioned for alleged discovery violations. However, I *823 dissent from the per curiam opinion in so far as it does not follow the recommendation, proposed in my dissent on original hearing, not only to remand the case to the district court to conduct a limited hearing to determine the roles of the Gibraltar defendants and their attorneys in the alleged concealment of the excess insurance policy, but also to "delay this Court's disposition of defendant's attack on the Court of Appeal judgment, and ruling on the motion to strike the writ application filed in this Court until after the full extent of the alleged misrepresentation, ill-practice, fraud and lack of candor is determined." Peterson v. Gibraltar Savings & Loan, 98-1601, 98-1609 (La.5/18/99), 733 So.2d 1198 (Calogero, C.J., dissenting).
NOTES
[*] Lemmon, J., not on panel. See Rule IV, Part 2, § 3.
[1] The Gibraltar defendants include Gibraltar Savings and Loan, Gibraltar Savings, FGMC Investment Corporation, FGMC, Ltd., Metairie Center Phase I, Metairie Center Phase I, Ltd., and Reliance Insurance Company, Inc., respectively.