NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-365 consolidated with 11-1385

CAMILLE LANDRY, ET AL.

VERSUS

PSA OF LAFAYETTE, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2004-5188
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy Howard Ezell, Judges.

REVERSED IN PART AND AFFIRMED IN PART.

Roy Clifton Cheatwood
Baker, Donelson, Bearman, Caldwell & Berkowitz
201 St. Charles Ave.,  Suite 3600
New Orleans, LA 70170
(504) 566-5200
COUNSEL FOR DEFENDANT/APPELLEE:
        Pediatric Services of America, Inc.

**John Layne Hammons**
**Nelson & Hammons**
**705 Milam Street**
**Shreveport, LA 71101**
**(318) 227-2401**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Ryan D. Landry, et al.**

**John Michael Veron**
**Veron, Bice, Palermo & Wilson**
**P. O. Box 2125**
**Lake Charles, LA 70602-2125**
**(337) 310-1600**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Monica Ann Frois**

**Marc W. Judice**
**Judice & Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Dr. Cong T. Vo**
**Dr. Rosaire Josseline Belizaire**

**James Paul Lambert**
**Attorney at Law**
**P. O. Box 53083**
**Lafayette, LA 70505-3083**
**(337) 261-3737**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Camille Landry, et al.**

**James J. Hautot, Jr.**
**Judice & Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70503**
**(337) 235-2405**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Dr. Cong T. Vo**
**Dr. Rosaire Josseline Belizaire**

**Daniel G. Brenner**
**Bolen, Parker & Brenner**
**P. O. Box  11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Daniel G. Brenner**
**R. Preston Mansour, Jr.**

Monica Ann Frois
Baker, Donelson, Bearman, Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170-3600
(504) 566-5200
COUNSEL FOR DEFENDANT/APPELLEE:
    Pediatric Services of America, Inc.

J. Rock Palermo III
Veron, Bice, Palermo & Wilson
P. O. Box 2125
Lake Charles, LA 70602-2125
(337) 310-1600
COUNSEL FOR DEFENDANT/APPELLANT:
    Monica Ann Frois

Nadia Marie de la Houssaye
Jones, Walker, Waechter, Poitenvent, Carrière &Denègre
P. O. Drawer 3408
Lafayette, LA 70502-3408
(337) 539-7600
COUNSEL FOR DEFENDANT/APPELLEE:
    Dr. Vasanth Nalam
    Louisiana Patients CompensationFund

Brandy N. Sheely
Baker, Donelson, Bearman, Caldwell & Berkowitz
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170-3600
(504) 566-5200
COUNSEL FOR DEFENDANT/APPELLEE:
    Pediatric Services of America, Inc.

R. Preston Mansour, Jr.
Attorney at Law
P. O. Box 11590
Alexandria, LA 71315-1590
(318) 445-8236
COUNSEL FOR DEFENDANTS/APPELLEES:
    R. Preston Mansour, Jr.
    Daniel G. Brenner

**DECUIR, Judge.**

Camille Landry and Ryan Landry filed these consolidated suits against Pediatric Services of America, Inc. ("PSA"), Dr. Cong T. Vo, Dr. Rosaire Josseline Belizaire, and several other health care providers after their child suffered injuries allegedly as the result of the care, treatment, and electronic monitoring of her Pierre Robin Sequence, a congenital breathing disorder. At the conclusion of a lengthy trial, the jury returned a verdict in favor of the defendants. All fault for the child's damages was assessed against a non-party physician, and a judgment of dismissal was entered. The merits of that judgment are not before us in this appeal. Rather, we are called upon to review certain post-trial rulings on motions brought by the plaintiffs, asserting misconduct on the part of counsel for PSA. For the following reasons, we reverse in part and affirm in part the judgments rendered below. We render a separate decree reversing in part and affirming in part the judgments in the similarly captioned consolidated case designated as Number 11-1385 on the docket of this court.

Of seven post-trial motions brought by the plaintiffs, two are presented for our review by the only remaining appellant, Monica Frois, counsel for PSA. First is a motion for contempt against four attorneys representing PSA who made certain representations to the court in support of a continuance of the trial date due to a viral illness contracted by PSA's lead counsel, Monica Frois. Second is a motion for contempt against the same attorneys regarding their accusations of improper *ex parte* communication between the trial judge and plaintiff's counsel.

The first post-trial motion at issue is entitled "Joint Motion for Contempt of Court Against Various PSA Attorneys of Record Concerning Allegations Made in Connection with Continuance of Trial Due to Illness of Monica A. Frois." The record before us indicates this motion is based on a motion for continuance filed a

week before trial, wherein Frois asserted that she had been diagnosed with an infectious viral illness and would be unable to attend the trial. The illness was unspecified at the time but was later revealed to be shingles. The trial court denied the motion, stating that other counsel for PSA could handle the trial. After both the third circuit and the supreme court denied writs within a week, Frois appeared in court ready for trial, feeling somewhat better and no longer contagious, although she had a doctor's note stating she was there against medical advice. Frois went on to handle the defense of her client successfully over the course of the five-week trial. She asserts that she did have to seek medical treatment during the trial for ongoing symptoms. The plaintiffs alleged Frois was being untruthful with regard to the seriousness and contagiousness of her illness. They urged the court to find her in contempt of court and assess fines and sanctions against her.

The second motion is entitled "Joint Motion for Sanctions and Direct Contempt of Court Concerning Repeated Accusations of the Court and Plaintiffs' Counsel for Engaging in Improper *Ex Parte* Communications." This motion stems from the scheduling of post-trial motions. After the jury trial was concluded, and in response to several inquiries, the trial court notified all counsel by letter that "a hearing date will then be set following a telephone conference with all counsel of record." Nevertheless, several weeks later, counsel for one of the plaintiffs informed other counsel of the following: "Having made daily inquiries with the Clerk of Court's office, we have learned the JNOV hearing is set for July 25, 2011." When Frois complained by letter to the district judge, she noted her objection to the *ex parte* communication between plaintiff's counsel and the Court, and she characterized plaintiff's counsel's behavior as "inappropriate" and "in direct contradiction of this Court's written communication." Plaintiff's counsel

2

responded by filing a motion for contempt, asserting that Frois' statements were false and unsupported.

In oral reasons, the trial court made the following comments:

> PSA's counsel, I believe, crossed the line numerous times by accusing the Court, opposing counsel, the plaintiff, of improprieties when there was no evidence to support such claims. PSA, I believe, needlessly increased the court costs by filing numerous motions and writ applications, that obviously lacked merit, not only to this Court, but according to the Third Circuit and the Supreme Court in most instances…

> I find that their [Frois'] conduct was contemptuous; however, I am not holding them in contempt. As a sanction for their conduct and for the pattern of conduct throughout this case from the time I inherited it till today, I'm asking – or I'm going to send them to ODC, [the Office of Disciplinary Counsel.]

In two formal written judgments, the trial court ruled:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Joint Motion for Contempt of Court Against Various PSA Attorneys of Record Concerning Allegations Made in Connection with Continuance of Trial Due to Illness of Monica A Frois is GRANTED as to Monica A. Frois, but the Court will not formally hold Monica A. Frois in direct or constructive contempt, although it found her behavior to be contemptible and worthy of contempt of court. However, in lieu of making a formal finding of contempt and imposing formal contempt fines or penalties, the court orders that this matter be referred directly to the Louisiana Office Disciplinary Counsel for further actions consistent with the Louisiana Rules of Professional Conduct.

> . . . .

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Joint Motion for Sanctions and Direct Contempt of Court Concerning Repeated Accusations of the Court and Plaintiffs' Counsel for Engaging in Improper Ex Parte Communications is GRANTED as to Daniel G. Brenner and Monica A. Frois, and their statements concerning improper *ex parte* contact in the December 9, 2010 memorandum, but the Court will not formally hold either Daniel G. Brenner or Monica A. Frois in direct or constructive contempt, although it found their behavior to be contemptible and worthy of contempt. However, in lieu of making a formal finding of contempt and imposing formal contempt fines or penalties, the court orders that this matter be referred directly to the Louisiana Office of Disciplinary Counsel for further actions consistent with the Louisiana Rules of Professional Conduct .

The two motions at issue were actually granted, but it is nevertheless clear the trial court did not hold Frois in contempt and did not assess any contempt punishment. While the court described Frois' behavior as "contemptuous," the court very emphatically stated that there was no formal finding of contempt. In fact, at oral argument, all parties agreed there was no finding of contempt. Hence, because there has been no finding of contempt, we must reverse the trial court's decision to grant the motions asserted by the plaintiffs.

Notwithstanding this reversal, however, we decline to tamper with the lower court's referral of this contentious matter to the Office of Disciplinary Counsel. The trial court characterized the alleged misconduct as contemptuous and warranting disciplinary review and consequently made a referral to the Office of Disciplinary Counsel. The Louisiana Supreme Court has stated that an ODC referral may be appropriate in cases of contemptuous conduct by an attorney. *Peterson v. Gibraltar Sav. & Loan, Inc.*, 98-1601, 98-1609 (La. 9/3/99), 751 So.2d 821.

The trial court did not find Ms. Frois' conduct to be in violation of the Rules of Professional Conduct, nor do we in affirming these judgments. The trial court simply exercised its authority to report attorney conduct which it suspects may be in violation of the Louisiana Code of Professional Conduct. Indeed, the trial court not only has the authority to report unprofessional conduct, it has the obligation to "initiate appropriate disciplinary measures," as set forth in Canon 3(B)(3) of the Code of Judicial Conduct. By referring Frois to the ODC, the trial court gave Frois a forum where she will be afforded due process. Her actions in defending her client will be viewed in the context of the cold record, rather than in the partisan atmosphere and heated litigious environment of the trial court where she successfully defended her client before a jury.

4

The trial court made a factual determination that Monica Frois' conduct warranted further investigation by the Office of Disciplinary Counsel. We find no abuse of discretion in this conclusion. However, because we find clear error in the part of the judgments which granted the motion for contempt, we hereby reverse that ruling. Costs of this appeal are assessed against the plaintiffs.

**REVERSED IN PART AND AFFIRMED IN PART.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.