FREDERICKA HOMBERG WICKER, Judge.
| gin this mandamus proceeding, plaintiff, Abdullah Muhammad a/k/a Kirk Spencer, appeals from a judgment of the Twenty-Third Judicial District Court in favor of defendants, the Office of the.District Attorney for the Parish of St. James and District Attorney Ricky Babin, in his official capacity as custodian of records. For the reasons that follow, we vacate the judgment of the trial court and remand the matter tp the trial court for further proceedings consistent with this opinion.

PROCEDURAL HISTORY

■Plaintiff was convicted of first degree murder in 1992 and sentenced to imprisonment at hard labor for a term of life without the benefit of parole, probation, or suspension of sentence.[1] On January 25, *1152 1994, this Court affirmed plaintiffs conviction and sentence, and on February 3, 1995, the Louisiana Supreme Court denied plaintiffs application for a writ of certiora-ri. See State v. Spencer, 93-571 (La.App. 5 Cir. 1/25/94), 631 So.2d 1363, writ denied, 94-488 (La.2/3/95), 649 So.2d 400. After plaintiff declined to seek review from the | United States Supreme Court, his conviction and sentence became final on May 4, 1995.
The record reflects that, prior to July 7, 2004, plaintiff sent correspondence to the Office of the District Attorney for the Twenty-Third Judicial District requesting copies of the District Attorney’s case files in docket numbers 1695 and 1696. On July 7, 2004, Assistant District Attorney Anthony T. Marshall (hereinafter, “A.D.A. Marshall”) sent plaintiff a letter notifying plaintiff that the cost of copying his file was $182.00. On September 23, 2004, A.D.A. Marshall sent plaintiff a second letter which read, “Enclosed is the copy of the District Attorney’s file as you requested.”
On February 3, 2005, plaintiff filed a “Motion to Compel” production of the District Attorney’s file in docket number 1695, alleging that he had paid the District Attorney for a copy of the files in docket numbers 1695 and 1696, but he had not received a copy of the files in docket number 1695. Plaintiff 'filed his Motion to Compel in the Twenty-Third Judicial District Court under criminal docket number 1695. On February 3, 2005, a judge for the Twenty-Third Judicial District Court denied plaintiffs Motion to Compel without articulating reasons.[2] Plaintiff .sought supervisory review of the denial of his Motion to Compel, and on March 4, 2005, this Court denied plaintiffs writ “on the presentation.” State of Louisiana ex rel. Abdullah Muhammad v. Burl Cain, OS-249 (La.App. 5 Cir. 3/4/05) (unpublished writ disposition).
On or about May 22, 2013, plaintiffs counsel, Michael J. Rocks,[3] sent a public records request via certified mail to Ricky Babin, District Attorney for the Twenty-Third Judicial District, requesting the opportunity to inspect and'copy all |4of the District Attorney’s records related to plaintiffs criminal cáse in docket number 1695. The return receipt indicates that Mr. Rocks’ letter was received on May 31, 2013. On or about June 27, 2013, Mr. Rocks sent a second request via certified mail. The return receipt for the second certified letter indicates that the letter was unclaimed. On August 2, 2013, Mr. Rocks sent a third and final request’via certified mail. The return receipt on this final letter reflects that it was' received, though the date of receipt is illegible.
On July 14, 2014, plaintiff filed a “Petition for Writ of Mandamus under the Louisiana Public Records Act” (hereinafter, “Pétition”), naming as defendants' the Office of the District Attorney for the Parish of St. James and District Attorney Ricky Babin, in his official capacity as custodian of records (hereinafter referred to collectively as “the District Attorney”). In his Petition, plaintiff alleged that he and his attorneys had repeatedly requested from the District Attorney ■ copies of the case files from his first degree murder *1153 proceeding and that the District Attorney had failed to respond to the requests.[4] Plaintiffs Petition further alleged that, pursuant to the Public Records Law, the custodian of records bore the burden of establishing the current location of the requested records, the last known location of the requested records, or the efforts which had been made to attempt to locate the requested records, and that the District Attorney had given no such information to plaintiff. Accordingly, plaintiff requested that the trial court issue a writ of mandamus ordering the District Attorney to provide the records to plaintiff and award to plaintiff attorney's fees and court costs incurred in obtaining the records, as well as other damages and penalties provided by the Public Records Law. IfiPlaintiff attached to his Petition the earlier record requests sent by his attorney via certified mail.
Judge Guy Holdridge scheduled a hearing on plaintiffs Petition for July 28, 2014, which was subsequently continued to August 25, 2014, and again continued to September 24, 2014. On August 18, 2014, the District Attorney filed an answer to plaintiff’s Petition, denying the allegations therein, and further asserting that, under La. R.S. 44:31.1,[5] plaintiff was not a “person” entitled to the requested records because .he is in custody after sentence following a felony conviction arid has exhausted his appellate remedies. The District Attorney also alleged that plaintiff had already been provided with a copy of the records, citing the September 23, 2004 letter from A.D.A. Marshall, which preceded plaintiff’s 2005 Motion to Compel.
At the September 24, 2014 hearing on plaintiff’s Petition, Judge Holdridge, sua sponte, raised the issue of whether the earlier denial of plaintiff’s Motion to Compel precluded plaintiffs Petition under the doctrine of res judicata, to which plaintiff’s counsel responded in the negative. The District Attorney, without discussing the issue of res judicata, argued that plaintiff was not entitled to the records under La. R.S. 44:31.1, and further stated, “for-argument sake, Judge, we don’t know if the records still exist. They should have been shredded” At the conclusion of the hearing, Judge-Holdridge ordered the District Attorney to produce the records within thirty days to allow the court to conduct an in camera inspection for-privileged information, after which, if no privileged information was discovered, the court would give the.records to plaintiff.
Instead of turning over the records to the trial court, on October 17, 2014, the District Attorney filed a “Response to Court’s Verbal Order of September 24, |b2014” (hereinafter, “Response to Court’s Order”). In this pleading the District Attorney raised the exception of res judicata and repeated ■ its argument that plaintiff was not entitled to the records under La. R.S. 44:31.1. The District Attorney further asserted that, pursuant to La. R.S. 44:36(E)(1)[6] and the Records Retention *1154 Schedule of the District Attorney’s' Office, files of major felony criminal cases may be destroyed five years from the end of the calendar year in which a defendant’s conviction and sentence become final, and that after a diligent search the District-Attorney had been unable to locate any of plaintiffs requested records.
On November 26, 2014, plaintiff filed a “Rule for Contempt for Failure to Comply with Court Order, and Motion to Strike” (hereinafter, “Rule for Contempt”). In his Rule for Contempt, plaintiff alleged that the District Attorney failed to timely comply with Judge Holdridge’s order tb produce the records, that the District Attorney failed to provide a definitive statement denying that the records were in its custody, ‘and that the District Attorney failed to provide a “detailed, written certification ... stating the reason for the absence of the records from their custody,” as required by La. R.S. 44:34. Wherefore, plaintiff urged the trial' court to find the District Attorney guilty of contempt and order.the District Attorney to produce the records in compliance with Judge Hol-dridge’s order.
The trial court’s minutes reflect that at the February 24, 2015 hearing on plaintiffs Rule for Contempt, Judge Tess Stromberg[7] ordered the District Attorney to provide a certificate to the court within thirty days detailing where and when the records were destroyed.[8] On April 7, 2015, -plaintiff filed a “Motion to Reset Plaintiffs Rule for Contempt and Motion to Strike,” wherein he alleged that the District Attorney failed to provide the trial court with a certificate detailing "the ^destruction of the records as ordered by Judge Stromberg and repeated his request that the trial court adjudge the District Attorney guilty of contempt and order production of the documents or production of the certificate detailing destruction of plaintiffs records. On April 15, 2015, the District Attorney filed a “Motion to Re-set Hearing,” asserting that the trial court had not ruled on the exception of res judicata raised in the District Attorney’s October 17, 2014 “Response to Court’s Order,” and requesting the trial court schedule a hearing on the exception.
The trial court scheduled a hearing on plaintiffs Rule for Contempt and the District Attorney’s exception of res judicata for July 28, 2015, and, pursuant to the court’s order, both parties filed pre-hear-ing memoranda in support of their positions regarding the exception of res judica.-ta. In its supporting memorandum and at the hearing, the District Attorney argued that the denial of plaintiffs Motion to Compel in 2005 precluded plaintiffs mandamus action under the doctrine of res judicata, because the denial of plaintiffs Motion was a valid and final judgment, the parties to the two actions are the same, the cause of action asserted in plaintiffs public records request existed at the time plaintiff filed his Motion to Cbmpel, and the cause of action asserted in plaintiffs public records request arose out of the transaction or occurrence that, was the subject matter of the Motion to Compel.
In response, plaintiff argued that the parties to the two actions are not the same, because plaintiffs Motion to Compel named A.D.A. Marshall as a defendant, whereas, in the instant action,-the District Attorney, in his 'capacity as custodian of records, and the Office of the District Attorney are named as defendants. Plaintiff further argued that the cause of action *1155 asserted in plaintiffs Petition did not exist at the time of the earlier litigation, because plaintiffs Motion to Compel was provoked by A.D.A. Marshall’s failure to provide plaintiff with the case files for which he had paid, whereas plaintiffs Petition was filed as a result of | sthe District Attorney’s failure to respond to plaintiffs public records requests. Lastly, plaintiff argued that the transaction or occurrence that gave rise to plaintiffs Petition is not same as that which gave rise to plaintiffs Motion to Compel, because the request for copies of his case files made in 2004 was a different transaction than-plaintiffs public records requests made in 2013.
After hearing arguments from both parties, Judge Stromberg took the matter under advisement' in anticipation of issuing written reasons for judgment. On September 14, 2015, Judge Stromberg issued a written judgment with incorporated reasons, wherein she granted the District Attorney’s exception of res judicata and further found that plaintiff was not entitled to the records under La. R.S. 44:31.1. Plaintiffs timely appeal follows.[9]

LAW AND ANALYSIS

On appeal, plaintiff complains of the trial court’s judgment granting the District Attorney’s exception of res judicata and finding that plaintiff was not entitled to access the public records under La. R.S. 44:31.1. Plaintiff further argues that the District Attorney erred in refusing to provide the public records to plaintiff, and further, that the trial court erred in refusing to enforce its order to produce the public records for an in camera inspection and its order to prdvide certification detailing the alleged destruction of the public records.

Res Judicata

The essence of the doctrine of res judicata is that a valid final judgment is‘conclusive between the parties, and all causes of action arising out of the transaction or occurrence that is the subject of the suit are extinguished and merged into a judgment in favor of the plaintiff, or are extinguished and merged into a djudgment in favor of the defendant as to preclude 'subsequent action. This bars the subsequent relitigation of any issue that was actually litigated and determined if that' determhiation was essential to the judgment. Olsen v. Olsen, 12-737 (La.App. 5 Cir. 03/13/13), 113 So.3d 274, 277.
With respect to res judicata, La. R.S. 13:4231 provides in pertinent part, “Except as otherwise provided by law, .a valid and final, judgment is conclusive between the same parties.... ” (Emphasis added). The four prerequisites for ,the application of res judicata are: (1) the parties must be identical in both suits, or in privity; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases. Schneidau v. Vanderwall, 08-1274 (La.App. 5 Cir. 05/26/09), 17 So.3d 61, 64, writ denied, 09-2301 (La.1/8/10), 24 So.3d 870.
 The doctrine of res judicata is stricti juris, and any doubt concerning the application of res judicáta must be resolved against its application. Id. The res *1156 judicata effect of a prior judgment is a question of law that is reviewed de novo. Id.
■ Plaintiff filed his 2005 Motion to Compel in the criminal proceedings that led to his conviction and sentence for first degree murder, rather than a separate petition for mandamus under the Public Records Law. On February 3, 2005, the same day that plaintiff filed his Motion to Compel, plaintiffs Motion was denied without a hearing, and subsequently, this Court found no error in the trial court’s denial based on plaintiffs “presentation.”
We find that the first two elements of res judicata are satisfied for application of res judicata in this case. The parties to both suits are identical, or in privity, and the denial of plaintiffs Motion to Compel was rendered by the | inTwenty-Third Judicial District Court, which had jurisdiction over plaintiffs case. However, we find that the third and fourth prerequisites for the ápplieation of res judicata are not satisfied.
As to the third element, the denial of plaintiffs Motion to Compel did not determine the merits of whether plaintiff was or was not entitled to the requested records pursuant to the Public Records Law. Plaintiffs Motion to Compel was filed in the underlying criminal case, not in a separate proceeding pursuant to the Public Records Law. The Motion to Compel could have been denied for a myriad of reasons unrelated to the merits of plaintiffs request for public records. There is no evidence in the record that the trial court considered the Public Records Law when it denied the Motion to Compel in the context of plaintiffs criminal proceeding. Therefore, the 2005 denial did not constitute a final judgment on the merits of plaintiffs right to access the public records pursuant to the Public Records Law. Likewise, this Court’s denial of plaintiffs application for supervisory review of the 2005 denial does not amount to a final ■determination on the merits, of plaintiffs right to access the public records pursuant to the Public .Records Law, as. the writ disposition merely found.no error based on the presentation made in,plaintiffs writ application. Accordingly, we find that the third .prerequisite for application of res judicata is not present in this case.
Furthermore, plaintiffs claim in his 2005 Motion to Compel -was a discovery motion which arose from A.D.A. Marshall’s alleged failure to provide plaintiff with records for which he paid. In contrast, plaintiffs Petition arose from the District Attorney’s failure to respond to plaintiffs public records request. , The Public Records . Act explicitly grants plaintiff the right to bring an action for a writ of mandamus in such circumstances. Therefore, we find that the fourth prerequisite for application, of res judicata is not present in this case. Considering Lithe absence of two essential elements required for the application of res judicata, we find that the trial court erred in granting the District Attorney’s exception of res judica-ta.

The Public Records Law

The right of the public to access public records is a fundamental right guaranteed by both the Louisiana Constitution and the Public, Records Law. La., Const. Art. 12 § 3; La. R.S. 44:1, et seq.; Shane v. Parish of Jefferson, 14-2225, p. 14-15 (La. 12/8/15), — So.3d —, 2015 WL 8225830; Vandenweghe v. Parish of Jefferson, 11-52 (La.App. 5 Cir. 5/24/11), 70 So.3d 51, 56, writ denied, 11-1333 (La.9/30/11), 71 So.3d 289. The constitutional right of the public to access public records must be construed liberally in favor of free and unrestricted access to the records,.and that access can be denied only when a -law specifically and unequivocally provides 'otherwise. Vandenweghe, 70 *1157 So.3d at 56 (quoting Title Research Corp. v. Rausch, 450 So.2d 933, 936 (La.1984)). Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public’s right of access. Id.
Providing access to public records is the responsibility and duty of the custodian and his employees, who shall present any public record to any person of the age ’of majority who so requests, except as otherwise provided in the Public Records Law. See La. R.S. 44:31, 44:32(A). Any person who has been denied the right to inspect or copy a record under the provisions óf the public records law, has a right -of action to petition for a writ of mandamus following a final determination of the custodian or the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination ⅛ writing by the custodian. La. R.S. 44:35(A). Subsection (B) of |12La. R.S. 44:35 sets forth the trial procedure applicable to mandamus actions,filed pursuant to the Public Records Law:
In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ "of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain, his action. The court may view the documents in controversy in camera before reaching, a decision. Any noncompliance with the order of the court may be punished as contempt of court.
Despite the liberal construction accorded to the public right of access to public information, La. R.S. 44:31.1, an exception to this expansive right, provides that a “person,” for purposes of the Public Records Law, does not include one: (1) who is a convicted felon; (2) who is in custody pursuant to the sentence for that felony; (3) who has exhausted his appellate remedies; and (4) who is not limiting the grounds for his request to those items to be used to file for post-conviction relief under La.C.Cr.P. art. 930.3.[10] La. R.S. 44:31.1. Nevertheless, the burden of proving that a public record is not subject to inspection, copying, or reproduction remains with the custodian. La. R.S. 44:31(B)(2).
Therefore, before withholding access to a public record, the custodian must make those inquiries allowed for by law, which include an inquiry as to the age and identification of the requesting person and an inquiry as to whether the requesting person is one in custody, following a felony conviction who has exhausted his appellate remedies and whether the request is limited to those items necessary to file an application, for post-conviction relief. La. R.S. 44:31.1, 44:32(A). Should a party from whom public records have been withheld bring an action for mandamus pursuant to the Public Records Law, the trial court shall determine the matter de novo and the burden is on the .custodian to sustain his or her decision to deny access. La. R.S. 44:35(B); See also, Vandenweghe, 70. So.3d at 58-59.
_JjjAs the custodian of records in this case, the District Attorney had the duty to respond to plaintiffs public records request. The District Attorney had the option to either respond by arranging for presentation of the requested public records to plaintiff or his counsel or to respond by making those inquiries as to plaintiffs status as a “person” for purposes of the Public Records Law in order to determine whether he was entitled to ac *1158 cess the requested records.- The record reflects that the District Attorney failed to exercise either of these options in response to multiple public records requests from plaintiffs counsel.' Accordingly, under La. R.S. 44:35(A), the District Attorney’s failure to respond to plaintiff granted plaintiff the right to bring an action for mandamus against the District Attorney.
In plaintiffs action for mandamus, the burden of showing that plaintiff was not entitled to access the public records remained with the District Attorney. Yet, while the District Attorney alleged that plaintiff was incarcerated pursuant to a felony conviction and sentence and that he had exhausted his appellate remedies and supported those allegations with citations to this Court’s published opinion affirming plaintiffs conviction and sentence and to the Louisiana Supreme Court’s denial of plaintiffs application for writ of certiorari, the District Attorney failed to introduce competent evidence of plaintiffs incarceration, sentence, or exhaustion of appellate remedies. Moreover, the District Attorney neither alleged nor introduced any evidence of any inquiries directed to plaintiff, either prior to the time plaintiff filed his Petition or during the proceedings; as to whether his public records request was limited to items to be used to file for post-conviction' relief under Lst.C.Cr.P. art. 930.3. Because such inquiries are necessary to justify denying a public records request, and competent evidence that’ a petitioner for a writ of mandamus under the Public Records Láw is not entitled to access the ^requested records is necessary to sustain the denial of a public records request, we find that the District Attorney did not meet his burden of proving that plaintiff was not entitled to the public records. Accordingly, we find that Judge Stromberg erred in denying plaintiff access to the public records under La. R.S. 44:31.1.

Plaintiff’s Rule for Contempt

Finally, plaintiff -argues that the trial court erred in refusing to enforce its own orders. At the September 24, 2014 hearing on plaintiffs petition for mandamus, Judge Holdridge ordered the District Attorney to produce plaintiffs requested records within thirty days for an in camera inspection, after which, if no privileged information was found in the records, plaintiff would be provided with his public records. Counsel'for the District Attorney noted his objection to Judge Holdridge’s ruling, but, thereafter, the District Attorney neither filed an application for supervisory review with this Court nor filed a motion for reconsideration of the ruling in the trial court. Instead, the District Attorney filed its Response to Court’s Order, asserting- that res judicata and La. ’ R.S. 44:31.1 precluded production of the public records. The District Attorney’s Response to Court’s Order also implied that plaintiffs public records might have been destroyed but failed to make any definitive statement to that effect.[11]
At the first hearing- on plaintiffs “Rule for Contempt for Failure to Comply with' Court’Order,” the trial court’s minutes reflect that Judge'Stromberg did not ordér the- District Attorney to produce the public records nor did Judge Stromberg find the District Attorney guilty of contempt for failure to comply with Judge Holdridge’s order; instead, Judge Strom-berg ordered the District Attorney to provide the trial Court with a certificate detailing where and when plaintiffs records were destroyed within thirty days.
*1159 11fiThe District Attorney failed to comply with Judge Stromberg’s order, and plaintiff re-urged his Rule for ■ Contempt, requesting that Judge Stromberg order the District Attorney to- either produce the records in compliance with Judge Hol-dridge’s order or produce a certificate regarding the destruction of the records. Plaintiffs second Rule for Contempt was scheduled for hearing on the same day as the District Attorney’s exception of res judicata. After the July 28, 2015 hearing, Judge Stromberg signed a written judgment in favor of the District Attorney without discussion of plaintiffs Rule for Contempt.
The Public Records Law explicitly authorizes a trial'court to “view the documents in controversy in camera before reaching a decision,” arid provides that “[a]ny noncompliance with the order of the court may be punished as contempt of court.” La. R.S. ‘44:3503). ' Moreover, the power to irripose sanctions, including punishment for contempt, is inherent in all courts. Peterson v. Gibralter S & L, Inc., 9821-1601 (La.9/3/99), 751 So.2d 820. A court’s imposition of sanctions is reviewed for abuse of discretion. Id.; see also, McCaffery v. McCaffery, 13-692 (La.App. 5 Cir. 4/9/14), 141 So.3d 105, 117.
In Union Fed. Credit Union v. Thornton, the Second Circuit affirmed a trial court’s authority to hold the record open in order to allow a defendant to submit additional evidence after á hearing on a plaintiffs motion to tax costs against the defendant. 49,529 (La.App. 2 Cir. 1/28/15), 162 So.3d 414, 416. The Union Fed. Credit Union court held that it was within the trial court’s discretion’ to hold the record opén in order to clarify' the costs owed by the defendant. Id. at 417. Similarly, we find that, in light of the District Attorney’s claim that the records were potentially destroyed, Judge Stromberg’s decision to allow the District Attorney to submit a certificate detailing the circumstances of the alleged destruction,- rather than granting plaintiffs request to -order production of the | ^potentially non-existent records and impose sanctions, was in the interest of efficient administration of justice. Accordingly, we find no abuse of discretion in Judge Stromberg’s decision to’ deny plaintiffs first Rule for' Contempt and to instead order the District Attorney to provide a certificate stating the details regarding the alleged destruction of plaintiffs public records.
However, we find that Judge Stromberg erred in not. fully addressing plaintiffs, subsequent. Rule for .Contempt, wherein he alleged that the District Attorney failed to provide a certificate detailing the destruction of the public records as ordered. -
In the event that a custodian of records asserts that the public records are absent from his or her custody or control, the Public Records Law mandates a specific statutory procedure, under La. R.S. 44:34, which provides: ’ '
If any public record applied for by any authorized person is not in the custody or control of the person to whom the application is made, such person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of His knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has -’custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control. .He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter.
 Thus, La. R.S. 44:34 requires the custodian to certify in writing the- rea *1160 sons for the absence of the public records from its custody, and the party requesting the public records is entitled, to “specific, ample, and detailed information regarding the whereabouts of the absent records.” Fussell v. Reed, 95-398 (La.App. 1. Cir. 11/9/95), 664 So.2d 1214, 1216. However, a custodian of records who alleges that requested public records. have been der stroyed is not required to state the exact time and manner in which the records were destroyed. See Hunter v. Pennington, 98-1821 (La.App. 4 Cir. 1/20/99), 726 So.2d 1082, 1083-84 (holding that "La. R.S. 44:34 was satisfied by a written response to a public records request asserting'that |17the public records “are not maintained for more than three years; therefore, the [public records] that plaintiff requested have not existed for seven years”). Nevertheless, the trial court must conduct a full evidentiary hearing at which evidence relating to the relevant factors under La. R.S. 44:34 may be presented. Vandenweghe, 70 So.3d at 55. This contradictory hearing is necessary from the requesting party’s standpoint, especially if he or she obtains information which might lead to his finding the absent records, or if he or she can verify the records have, in fact, been destroyed. Fussell, 664 So.2d at 1216.
The record is devoid of any written response to plaintiffs public records requests from'the District Attorney detailing the destruction of plaintiffs requested public records. Accordingly, the District Attorney failed to comply with La. R.S. 44:34. Thereafter,- during plaintiffs mandamus proceedings, the District Attorney failed to make any definitive statement as to whether plaintiffs public records were, in fact, destroyed and the circumstances of such destruction; rather, the District Attorney alleged in its Response to Court’s Order, as an alternative justification for withholding the records, that the District Attorney was authorized to destroy criminal case files five years after the date on which a defendant’s conviction and sentence became final and that, after a diligent search, plaintiffs public records had not been located. We find that the District Attorney’s, failure to provide plaintiff with a definitive statement, in writing, as to whether or not the requested records were destroyed, along with ample details regarding the method and manner of such destruction, did not meet the requirements of La. R.S. 44:34.
Finally, though Judge ■ Stromberg’s order directing the District Attorney to provide a certificate detailing the method and manner of the destruction of the public records complied with the procedure set forth in La. R.S. 44:34, Judge Stromberg’s subsequent failure to conduct a full hearing on plaintiffs Rule for 11sContempt deviated from the procedure set forth, in La. R.S. 44:34. Accordingly, we find that the trial court erred in failing to conduct a full hearing on plaintiffs Rule for Contempt, including requiring the District Attorney to produce a written certificate providing specific, ample, and detailed information regarding the alleged destruction of plaintiffs requested public records, as per La. R.S. 44:34.

CONCLUSION

For the foregoing reasons, we vacate the trial court’s judgment granting the District Attorney’s exception of res judicata and finding that plaintiff was not entitled to the requested public records under the Public Record Law, and we remand the matter to the trial court for further proceedings consistent with this opinion, including conducting a full hearing on plaintiffs November 26, 2014 Rule for Contempt.

JUDGMENT VACATED: REMANDED

. Plaintiff's first degree murder case proceeded under Twenty-Third Judicial District Court docket number 1695. Plaintiff was also convicted of armed robbery in the Twenty-Third Judicial District Court under docket number 1696 and his conviction and sentence were affirmed -by this Court on appeal. State v. Spencer, 610 So.2d 289 (La.App. 5 Cir.1992) (not designated for publication). Plaintiff’s *1152 case in docket number 1696 is relevant to the procedural history of the instant case, but is not at issue on appeal.

. Judge Guy Holdridge, while presiding over the first hearing on plaintiff’s instant action, identified the signature on the denial of plaintiff’s Motion to Compel as that of Judge Ralph Tureau, who has since retired from the Twenty-Third Judicial District Court.

. Plaintiff was represented by retained counsel throughout the instant proceedings in the trial court. On appeal plaintiff proceeds in proper person.

. In his petition, plaintiff requested the file in docket number 1696, which he claimed he received pursuant to his 2004 records request. At a subsequent hearing, plaintiff’s counsel explained that the petition requested this case number by mistake and moved to amend the requested case file to docket number 1695. Judge Holdridge granted the motion to amend.

. La. R.S. 44:3-1.1 limits certain incarcerated ■felons’ right of access to public records under the Public Records Law.

. La. R.S, 44:36(E)(1)-,requires that public records of .a prosecuting agency, pertaining to a criminal prosecution that results in a conviction, in a manner other than a plea, must be retained for three years from the date on which a defendant's conviction and sentence become final.

. Judge Stromberg succeeded Judge Hol-dridge after Judge Holdridge departed the Twenty-Third Judicial District Court,

. Though the minutes reflect'this order, the record contains no transcript of this proceeding.

. Plaintiff initially filed an application for supervisory writs with this Court. Upon review, this Court found that Judge Stromberg’s grant of the District Attorney’s exception of res judi-cata was a final appealable judgment and granted the- writ for the limited purpose of remanding the matter to. the district court with instructions to treat plaintiff’s application for supervisory review as a motion for appeal. See Abdullah Muhammad a/k/a Kirk Spencer v. Office of the District Attorney for the Parish of St. James, et al., 15-718 (La. 5 Cir. 12/23/15) (unpublished writ disposition)'.

. La.C.Cr.P. art. 930.3 provides the exclusive grounds for post-conviction relief.

. The District Attorney also failed to produce any evidence of destruction of the public records.