CHEHARDY, C.J.
*1233 This appeal arises in the course of litigation instituted by plaintiff, Abdullah Muhammad a/k/a Kirk Spencer, to obtain records from the St. James Parish District Attorney's Office relating to his 1992 first degree murder conviction. For the reasons fully discussed herein, we reverse the district court's judgment as amended June 13, 2017, sustaining the State's exception of no right of action.
PROCEDURAL HISTORY[1]
Plaintiff is serving a sentence of life imprisonment for his 1992 conviction of first degree murder. His conviction and sentence were affirmed by this Court on direct appeal, see State v. Spencer , 93-571 (La. App. 5 Cir. 1/25/94), 631 So.2d 1363, and became final in 1995 when the Louisiana Supreme Court declined certiorari review. See State v. Spencer , 94-488 (La. 2/3/95), 649 So.2d 400. Since then, plaintiff has continued to challenge his conviction and sentence. In 2004, he sent correspondence to the St. James Parish District Attorney's Office requesting copies of the District Attorney's files in Docket Numbers 1695 and 1696.[2] On July 7, 2004, Assistant District Attorney Anthony T. Marshall ("A.D.A. Marshall") sent plaintiff a letter notifying him that the cost of copying his file was $182.00. On September 23, 2004, A.D.A. Marshall sent plaintiff a second letter which read, "Enclosed is the copy of the District Attorney's file as you requested."
On February 3, 2005, plaintiff filed a "Motion to Compel" production of the District Attorney's file in Docket No. 1695, alleging that he had paid the District Attorney for a copy of the files in Docket Nos. 1695 and 1696, but did not receive a copy of the file in Docket No. 1695. Plaintiff filed this motion to compel in the Twenty-Third Judicial District Court under Docket No. 1695. On February 3, 2005, the district court denied this motion without reasons. Plaintiff sought supervisory review of that denial, and on March 4, 2005, this Court denied plaintiff's writ "on the presentation." State of Louisiana ex rel. Abdullah Muhammad v. Burl Cain , 05-249 (La. App. 5 Cir. 3/4/05) (unpublished writ disposition).
Several years later, on or about May 22, 2013, plaintiff's counsel, Michael J. Rocks, sent a public records request via certified mail to Ricky Babin, District Attorney for the Twenty-Third Judicial District, requesting the opportunity to inspect and copy all of the District Attorney's records related to plaintiff's criminal case in Docket No. 1695. The return receipt indicates that Mr. Rocks' letter was received on May 31, 2013. On or about June 27, 2013, Mr. Rocks sent a second request via certified mail. The return receipt on the second certified letter indicates that the letter was unclaimed. On August 2, 2013, Mr. Rocks sent a third and final request via certified mail. The return receipt on this final letter reflects that it was received, though the date of receipt is illegible.
With no response forthcoming, on July 14, 2014, plaintiff filed a "Petition for Writ of Mandamus under the Louisiana Public Records Act," naming as defendants the Office of the District Attorney for the Parish *1234 of St. James and District Attorney Ricky Babin, in his official capacity as custodian of records (hereinafter referred to collectively as "the District Attorney"). In this petition, plaintiff alleged that he and his attorneys had repeatedly requested from the District Attorney copies of the case files from his first degree murder proceeding and that the District Attorney had failed to respond to the requests. Plaintiff's petition further alleged that, pursuant to the Public Records Law, the custodian of records bore the burden of establishing the current location of the requested records, the last known location of the requested records, or the efforts which had been made to attempt to locate the requested records, and that the District Attorney had given no such information to plaintiff. Accordingly, plaintiff requested that the district court issue a writ of mandamus ordering the District Attorney to provide the records to plaintiff and award attorney's fees and court costs incurred in obtaining the records, as well as other damages and penalties provided by the Public Records Law. Plaintiff attached to his petition the earlier record requests sent by his attorney via certified mail.
On August 18, 2014, the District Attorney filed an answer to plaintiff's petition, denying the allegations therein, and further asserting that, under La. R.S. 44:31.1, plaintiff was not a "person" entitled to the requested records because he is in custody after sentence following a felony conviction and has exhausted his appellate remedies. The District Attorney also alleged that plaintiff had already been provided with a copy of the records, citing the September 23, 2004 letter from A.D.A. Marshall, which preceded plaintiff's 2005 motion to compel.
At the September 24, 2014 hearing on plaintiff's petition, the district court, sua sponte , raised the issue of whether the February 3, 2005 denial of plaintiff's motion to compel precluded plaintiff's petition under the doctrine of res judicata, to which plaintiff's counsel responded in the negative. The District Attorney, without discussing the issue of res judicata, argued that plaintiff was not entitled to the records under La. R.S. 44:31.1, and further stated, "for argument sake, Judge, we don't know if the records still exist. They should have been shredded." At the conclusion of the hearing, the court ordered the District Attorney to produce the records within thirty days to allow the court to conduct an in camera inspection for privileged information, after which, if no privileged information was discovered, the court would give the records to plaintiff.
Instead of complying with this order and turning over the records to the district court, on October 17, 2014, the District Attorney filed a "Response to Court's Verbal Order of September 24, 2014," in which the District Attorney raised the exception of res judicata and repeated its argument that plaintiff was not entitled to the records under La. R.S. 44:31.1. The District Attorney further asserted that, pursuant to La. R.S. 44:36(E)(1) and the Records Retention Schedule of the District Attorney's Office, files of major felony criminal cases may be destroyed five years from the end of the calendar year in which a defendant's conviction and sentence become final, and that after a diligent search the District Attorney had been unable to locate any of plaintiff's requested records.
On November 26, 2014, plaintiff filed a "Rule for Contempt for Failure to Comply with Court Order, and Motion to Strike." In his rule for contempt, plaintiff alleged that the District Attorney failed to timely comply with the district court's order to produce the records, that the District Attorney failed to provide a definitive statement denying that the records were in its custody, and that the District Attorney *1235 failed to provide a "detailed, written certification ... stating the reason for the absence of the records from their custody," as required by La. R.S. 44:34. Wherefore, plaintiff urged the court to find the District Attorney guilty of contempt and order the District Attorney to produce the records in compliance with the district court's order.
The court minutes reflect that at the February 24, 2015 hearing on plaintiff's rule for contempt, the district court ordered the District Attorney to provide a certificate to the court within thirty days detailing where and when the records were destroyed. On April 7, 2015, plaintiff filed a "Motion to Reset Plaintiff's Rule for Contempt and Motion to Strike," wherein he alleged that the District Attorney failed to provide the district court with a certificate detailing the destruction of the records as ordered by the court and repeated his request that the court adjudge the District Attorney guilty of contempt and order production of the documents or production of the certificate detailing destruction of plaintiff's records. On April 15, 2015, the District Attorney filed a "Motion to Re-set Hearing," asserting that the court had not ruled on the exception of res judicata raised in the District Attorney's October 17, 2014 "Response to Court's Order," and requesting the court schedule a hearing on the exception.
The court scheduled a hearing on plaintiff's rule for contempt and the District Attorney's exception of res judicata for July 28, 2015, and, pursuant to the court's order, both parties filed memoranda in support of their positions regarding the exception of res judicata. In its supporting memorandum and at the hearing, the District Attorney argued that the denial of plaintiff's motion to compel in 2005 precluded plaintiff's mandamus action under the doctrine of res judicata, because the denial of the motion was a valid and final judgment, the parties to the two actions are the same, the cause of action asserted in plaintiff's public records request existed at the time plaintiff filed his motion to compel, and the cause of action asserted in plaintiff's public records request arose out of the transaction or occurrence that was the subject matter of the motion to compel.
In response, plaintiff argued that the parties to the two actions are not the same, because plaintiff's motion to compel named A.D.A. Marshall as a defendant, whereas, in the instant action, the District Attorney, in his capacity as custodian of records, and the Office of the District Attorney are named as defendants. Plaintiff further argued that the cause of action asserted in plaintiff's petition did not exist at the time of the earlier litigation, because plaintiff's motion to compel was provoked by A.D.A. Marshall's failure to provide plaintiff with the case files for which he had paid, whereas plaintiff's petition was filed as a result of the District Attorney's failure to respond to plaintiff's public records requests. Lastly, plaintiff argued that the transaction or occurrence that gave rise to plaintiff's petition is not the same as that which gave rise to plaintiff's motion to compel, because the request for copies of his case files made in 2004 was a different transaction than plaintiff's public records requests made in 2013.
After hearing arguments from both sides, the court took the matter under advisement. On September 14, 2015, the court issued a written judgment with incorporated reasons, granting the District Attorney's exception of res judicata and denying plaintiff access to the records under La. R.S. 44:31.1. This judgment did not discuss plaintiff's rule for contempt.
Plaintiff timely appealed, arguing that the District Attorney erred in refusing to provide the public records to plaintiff, and that the district court erred in refusing to *1236 enforce its order to produce the public records for an in camera inspection and its order to provide certification detailing the alleged destruction of the public records.
On appeal, this Court found that the district court erred in sustaining the District Attorney's exception of res judicata. See Muhammad v. Office of the DA for St. James , 16-9 (La. App. 5 Cir. 4/27/16), 191 So.3d 1149, 1155-56. Noting the four prerequisites for the application of res judicata-(1) the parties must be identical in both suits, or in privity; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases-this Court determined that only the first and second prerequisites had been satisfied, not the third and fourth. Id. at 1156.
Regarding plaintiff's entitlement to records under the Public Records Law, this Court found that the district court erred in denying plaintiff access to public records under La. R.S. 44:31.1. See Muhammad , supra, at 1156-58. This Court determined that the District Attorney did not meet its burden of showing that plaintiff was not entitled to access the sought public records. Id. at 1158. And with respect to plaintiff's rule for contempt, this Court found that the district court failed to conduct a proper hearing on plaintiff's rule for contempt. Muhammad , supra, at 1158-60. The Court explained as follows.
At the February 24, 2015 hearing on plaintiff's rule for contempt, the court did not order the District Attorney to produce the public records nor did the court find the District Attorney guilty of contempt for failure to comply with the court's earlier September 24, 2014 order; instead, the court ordered the District Attorney to provide the court with a certificate detailing where and when plaintiff's records were destroyed within thirty days. Muhammad , supra .
The District Attorney failed to comply with this February 24, 2015 order, and plaintiff re-urged his rule for contempt, requesting the court order the District Attorney to either produce the records in compliance with the court's September 24, 2014 order or produce a certificate detailing the destruction of the records in compliance with the court's February 24, 2015 order. Muhammad , supra, at 1159. Plaintiff's second rule for contempt was scheduled for hearing on the same day as the District Attorney's exception of res judicata. Id. But, after that July 28, 2015 hearing, the court issued a written judgment in favor of the District Attorney without discussion of plaintiff's rule for contempt. Id.
Consequently, this Court found the district court "erred in failing to conduct a full hearing on plaintiffs' Rule for Contempt, including requiring the District Attorney to produce a written certificate providing specific, ample, and detailed information regarding the alleged destruction of plaintiff's requested public records, as per La. R.S. 44:34." Muhammad , supra, at 1160.
As a result, this Court vacated the district court's judgment granting the District Attorney's exception of res judicata, vacated its finding that plaintiff was not entitled to the requested public records under the Public Records Law, and remanded the matter to the district court "for further proceedings consistent with this opinion, including a full hearing on plaintiff's November 26, 2014 Rule for Contempt." Muhammad , supra .
The district court heard the matter on remand on January 26, 2017. At this hearing, Ricky Babin, the St. James Parish District Attorney, filed into the record a "Certification of Absent Record," in which he attested that plaintiff's case file could *1237 not be located in the District Attorney's files after a thorough and diligent search. In this Certification, Anthony Falterman, Mr. Babin's predecessor as the St. James Parish District Attorney, also attested that to the best of his knowledge and belief, plaintiff's case file-as a consequence of the 1996 recusal of the St. James Parish District Attorney's Office from plaintiff's criminal case-had been turned over to and was in the custody of the Louisiana Attorney General's Office. For this reason, the District Attorney also filed into the record at this hearing an exception of no right of action, arguing that because the District Attorney no longer had custody of the sought records, plaintiff had no right of action against it. Furthermore, counsel for the Attorney General's Office notified the court that the AG was in the process of searching for plaintiff's file, but that it was "very likely," in accordance with its record retention policy, that it no longer had possession of it. At the conclusion of the hearing, the court sustained the exception of no right of action and denied plaintiff's rule for contempt.[3]
Relator sought supervisory review of these rulings. On April 13, 2017, this Court declined to consider the district court's ruling on the exception of no right of action, finding it a final and appealable judgment. Muhammad v. Office of the District Attorney for the Parish of St. James, et al. , 17-170 (La. App. 5 Cir. 4/13/17) (unpublished writ disposition). Consequently, this Court granted the writ application in part for the limited of purpose of remanding the matter to the district court with the instruction to consider relator's notice of intent as a motion for appeal. Id. As for the contempt ruling, this Court considered the merits and found no abuse of the district court's discretion in that ruling. Id.
On May 3, 2017, the district court issued its written judgment sustaining the District Attorney's "Exception of No Cause of Action." In its reasons for judgment, the court explained that it was construing the District Attorney's exception of no right of action as an exception of no cause of action.[4] Plaintiff sought supervisory review of this judgment.
Finding this judgment deficient due to improper decretal language, this Court issued an order on June 5, 2017, instructing the district court to amend its May 3, 2017 judgment to contain the proper decretal language. The district court complied with this order, issuing an amended judgment on June 13, 2017 in which it sustained the District Attorney's "Exception of No Cause of Action" and dismissed plaintiff's petition for mandamus with prejudice. Thereafter, on June 29, 2017, this Court granted plaintiff's writ application for the limited purposed of transferring it to the district court with the instruction to consider it as a timely motion for appeal. Muhammad v. Office of the District Attorney for the Parish of St. James, et al. , 17-285 (La. App. 5 Cir. 6/29/17) (unpublished writ disposition).
ASSIGNMENTS OF ERROR
Plaintiff, who is proceeding in proper person, assigns the following errors on appeal:
(1) Petitioner was denied a Due Process hearing, under the Fourteenth Amendment of the United States *1238 Constitution, when Judge Stromberg abused discretion when she dismissed Petitioner's case, and granted District Attorney Ricky Babin, exception of no right of action, stating that Petitioner sought records from the wrong entities.
(2) Judge Stromberg violated Petitioner's Due Process Rights, under the United States Constitution, when she refused to order the District Attorney, Ricky Babin, to reimburse Petitioner's attorney fees, court cost, and one hundred dollars per day, in accordance with La. R.S. 44:35(A)(B)(C)(D)(E).
(3) Petitioner was denied a full hearing on Rule for Contempt, when Honorable Stromberg denied Petitioner the opportunity to call the head District Attorney, Ex-District Attorney, and three Assistant District Attorney's [sic] to the stand to testify under the penalty of perjury, concerning the alleged destruction of the District Attorney's files, or illegal transfer of the files.
DISCUSSION
Assignment of Error One
In his first assignment of error, plaintiff contends that he was denied due process of law at the January 26, 2017 hearing because the district court "turned the contempt hearing into a hearing on the District Attorney's exception of no right of action, without giving [plaintiff] time to file a response, or argue a defense to it." Plaintiff also appears to argue that the district court erred in sustaining the District Attorney's exception of no right of action.
Given the apparent confusion throughout these proceedings, below we set forth our appreciation of the pertinent procedural history of this case and its posture as it comes before us now.
On July 14, 2014, plaintiff filed his petition for mandamus. On September 24, 2014, the district court granted relief on this petition, issuing a writ of mandamus ordering the District Attorney to produce records to the court within thirty days for an in camera inspection. The District Attorney did not comply with this order, but instead raised an exception of res judicata. Due to the District Attorney's failure to comply with the court's order, plaintiff filed a rule for contempt on November 26, 2014. At the February 24, 2015 hearing on this rule for contempt, the court did not consider contempt, but granted further relief on plaintiff's petition for mandamus, issuing another writ of mandamus ordering the District Attorney to provide the court with a certificate detailing where and when plaintiff's records were destroyed within thirty days. Again, the District Attorney did not comply with this order, so plaintiff re-urged his rule for contempt. On September 14, 2015, the district court sustained the exception of res judicata, but the rule for contempt and the writs of mandamus remained unresolved.
On April 27, 2016, this Court vacated the ruling sustaining the exception of res judicata and remanded the matter. Thus, at the time of the hearing on remand on January 26, 2017, the two writs of mandamus and the rule for contempt were outstanding. The District Attorney satisfied these outstanding writs of mandamus by filing into the record a "Certification of Absent Record" at the January 26, 2017 hearing, explaining that it did not have custody of the records. For this reason, the District Attorney also filed an exception of no right of action, ostensibly in response to plaintiff's petition for mandamus. But since plaintiff had already obtained relief on his petition when the court issued writs to the District Attorney on September 24, 2014 and February 24, 2015, this exception was, at the time it was *1239 filed, misplaced and moot.[5] And with the writs satisfied by the District Attorney's "Certification of Absent Record," the only outstanding issue, then, was plaintiff's rule for contempt. The district court considered and adjudicated this issue at the hearing, which this Court affirmed on supervisory review. See Muhammad v. Office of the District Attorney for the Parish of St. James, et al. , 17-170 (La. App. 5 Cir. 4/13/17) (unpublished writ disposition).
Now, in this appeal, plaintiff submits that he was denied due process of law at the January 26, 2017 hearing and seems to challenge the district court's ruling on the exception of no right of action.
Insofar as plaintiff seeks review of the district court's ruling sustaining the District Attorney's exception of no right of action, because we find the exception was moot at the time it was filed, it follows that the court should have overruled it as such. Accordingly, we must reverse that ruling, but note that because the exception was moot, the court's ruling thereupon was correspondingly without practical effect, and, as a result, our ruling herein likewise extends no meaningful relief to plaintiff on this issue. As was discussed at the hearing on January 26, 2017, the St. James Parish District Attorney's Office was recused from plaintiff's criminal case in 1996 and plaintiff must direct his requests for production of records in 23rd JDC Docket No. 1695 to the Louisiana Attorney General's Office.
Nevertheless, we recognize that, at this time, it seems probable this file no longer exists. However, at the time plaintiff initially requested it in 2004, it was more probable that it was obtainable, as the District Attorney's office was able to supply plaintiff with the file in companion case No. 1696. In our view, any reasonably organized filing system should have revealed in 2004 that the file in question had been turned over to the AG in 1996. The fact that it took thirteen years and extensive litigation to determine that a first degree murder file is no longer in the custody of the District Attorney, and now likely no longer exists, is not only an inefficient use of judicial resources, but also does not comport with the fundamental principles of fairness undergirding our system of justice.
With respect to plaintiff's due process claim, he argues that he was denied due process of law because the district court "turned the contempt hearing into a hearing on the District Attorney's exception of no right of action, without giving [plaintiff] time to file a response, or argue a defense to it."
"Very generally, due process requires some kind of hearing and notice thereof." Fields v. State ex rel. Dep't of Pub. Safety & Corr. , 714 So.2d 1244, 1250 (La. 1998). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge , 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976).
Upon our review of the transcript of the January 26, 2017 hearing, we cannot find that relator was denied an opportunity to be heard at a meaningful time and in a meaningful manner. The transcript reflects that relator was present at the January 26, 2017 hearing and offered argument in response to the State's exception. This argument is without merit.
*1240 Assignment of Error Two
In his second assignment of error, plaintiff argues that the district court erred in failing to award him attorney fees and costs under La. R.S. 44:35(D), which provides in pertinent part: "If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation."
Plaintiff's argument here is based upon his interpretation of this Court's opinion in Muhammad v. Office of the DA for St. James , 16-9 (La. App. 5 Cir. 4/27/16), 191 So.3d 1149 as standing for the proposition that he prevailed in his suit. He therefore submits that he is entitled to attorney fees and costs pursuant to La. R.S. 44:35(D).
We disagree. La. R.S. 44:35(D) permits recoupment of attorney fees and costs if a person prevails in a suit establishing that he has the "right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record[.]" This Court's opinion in Muhammad v. Office of the DA for St. James , 16-9 (La. App. 5 Cir. 4/27/16), 191 So.3d 1149 did not establish that plaintiff has this right. Rather, this Court found that the District Attorney had failed to meet its burden of proving that plaintiff did not have the right to the public records. Muhammad , 191 So.3d at 1158. This Court vacated the district court's ruling denying plaintiff access, thereby leaving open for determination plaintiff's right to the public records. Until that is settled, it is premature to determine plaintiff's entitlement to attorney fees and costs under La. R.S. 44:35(D).
Assignment of Error Three
In his third assignment of error, plaintiff argues that he was denied a full hearing on the rule for contempt when the district court denied him the opportunity to call the head District Attorney, Ex-District Attorney, and three Assistant District Attorneys to testify.
The record reflects that, at plaintiff's request, subpoenas were issued to District Attorney Ricky Babin, Former District Attorney Anthony Falterman, Custodian of Records William Clark, A.D.A. Steven Tureau, and A.D.A. Bruce Mohon to testify at the January 26, 2017 hearing. Plaintiff's requests to subpoena his former counsel, Michael Rocks and Shawn Benoit, had been denied.
Our review of the transcript of the January 26, 2017 hearing reflects that plaintiff did not move to question the witnesses he had subpoenaed. We therefore find no merit to plaintiff's argument that the court denied him the opportunity to call his witnesses.
DECREE
For the foregoing reasons, we reverse the district court's May 3, 2017 judgment, as amended June 13, 2017, sustaining the District Attorney's exception of no right of action.
REVERSED

Much of this procedural history is drawn from this Court's reported opinion in plaintiff's first appeal, Muhammad v. Office of the DA for St. James , 16-9 (La. App. 5 Cir. 4/27/16), 191 So.3d 1149.

23rd JDC Docket No. 1695 corresponds to plaintiff's first degree murder conviction. 23d JDC Docket No. 1696 corresponds to plaintiff's conviction for armed robbery. Plaintiff's armed robbery conviction and sentence were affirmed by this Court on direct appeal. See State v. Spencer , 610 So.2d 289 (La. App. 5 Cir. 1992) (not designated for publication).

The court's written judgments denying plaintiff's rule for contempt and sustaining the District Attorney's exception of no right action followed on January 30, 2017 and May 3, 2017, respectively.

Although the district court construed and ruled upon the District Attorney's "Exception of No Right of Action," filed January 26, 2017, as an exception of no cause of action, for the sake of clarity, this opinion refers to the District Attorney's exception under the caption it was filed.

The exception would have been properly filed prior to the issuance of these writs. "The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision[.]" La. C.C.P. Art. 928(B). Here, the District Attorney pleaded the exception after the case (the mandamus issue) had been decided.