GRISBAUM, Judge.
On February 6, 1992, we dismissed this matter, which concerns the trial court’s refusal to issue a writ of mandamus to the Gretna Police Department. Thereafter, the Louisiana Supreme Court, on October 9, 1992, reinstated this appeal and remanded it to this Court for implementation. 605 So.2d 1109. We reverse.
The single issue presented is whether a post-conviction federal habeas corpus proceeding, initiated by a defendant, is “criminal litigation” as per the Louisiana Public Records Act, La.R.S. 44:1 et seq.
FACTS
On or about February 6, 1991, Debra Voelker, Appellant, hand-delivered a letter to the Police Records Department of the Gretna Police Department requesting to ‘be provided with copies of any and all documents in your custody pertaining in any manner to the arrest and prosecution of Robert Wayne Sawyer and Charles Lane for first degree murder, case number 79-2841 of the 24th Judicial District Court for the Parish of Jefferson.[1] The request was made under the Public Records Act, L.R.S. 44:1, et seq. She was denied access to the public records. .
On or about August 15, 1991, Appellant again requested that she be allowed to copy the public records. On August *1144 16, 1991, Appellee, through counsel, W.J. LeBlanc, refused to allow access to the records.
On August 16, 1991, Appellant filed a Petition for Writ of Mandamus, pursuant to R.S. 44:35, in the Twenty-Fourth Judicial District Court requesting the court to compel B.H. Miller, Chief of Police, to disclose the records. After-a hearing held on August 27, 1991, wherein both parties presented argument, the court refused to issue the writ of mandamus.
At the hearing, counsel for Appellee argued that the records should not be disclosed due to the fact that Sawyer was challenging the constitutionality of his conviction and sentence 'through federal systems with appeals.’ ... The trial court ruled that since collateral proceedings were pending, the writ should be denied....
Plaintiff-appellant’s original brief at pp. 1-2.
ANALYSIS
The Gretna Police Department denied Ms. Voelker access to the records because it believed the records are protected under La.R.S. 44:3(A)(1), which reads:
Nothing in this Chapter shall be construed to require disclosure of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety, marshals, investigators, correctional agencies, or intelligence agencies of the state, which records are:
Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled_
The question, then, is whether a federal habeas corpus proceeding is “criminal litigation.”
The United States Supreme Court has held that federal habeas corpus proceedings are civil in nature. Hilton v. Braunskill, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).
The Second Circuit, in Harrison v. Norris, 569 So.2d 585 (La.App. 2d Cir.1990), writ denied, 571 So.2d 657 (La.1990), defined criminal litigation in La.R.S. 44:3(A)(1) to mean:
In the light of other statutes and in the context of the PR Act, we construe the term criminal litigation in LRS 44:3 A(l) to mean an adversarial contest begun by formal accusation and waged in judicial proceedings in the name of the State, by the district attorney, on the one hand, and against the defendant on the other. This concept of criminal litigation in § 3 A(l) is the same concept of criminal prosecution in the CCrP.
In the context of § 3 A(l), criminal litigation (prosecution) is pending when the formal accusation is instituted either by the DA (bill of information) or by the grand jury (indictment). Criminal litigation (prosecution) may be reasonably anticipated when the DA, who is in charge of criminal prosecutions, concludes that it is probable that an arrest will be made and formal accusation will be instituted in due course against a potential criminal defendant as the criminal investigation progresses.
In the context of § 3 A(l), instituted criminal litigation is ‘finally adjudicated’ when the conviction becomes final (Art. 922) or is ‘otherwise settled’ either by dismissal or by nolle prosse of the formal accusation by the DA. See § 9 and CCrP Art. 691.
Id. at 588, 589 (emphasis found in original).
This definition was explicitly approved by the Louisiana Supreme Court in Lemmon v. Connick, 590 So.2d 574 (La.1991).
Since federal habeas corpus proceedings are civil in nature and are not criminal litigation under federal or state law, the plaintiff clearly has a right to inspect those records in the custody of the Gretna Police Department that are not otherwise privileged. (The Public Records Act must be liberally construed in favor of public access; access to the public record can be denied only when the law specifically and unequivocally provides against access. La. Const, art. 12, § 3; Harrison, supra.)
*1145 Therefore, we reverse the trial court’s denial of plaintiffs writ of mandamus and order that plaintiff be allowed to inspect any of the requested records not otherwise privileged. The appellee is to pay all costs of this appeal.
REVERSED.

. Sawyer and Lane were arrested on and later charged with first degree murder of Francis Arwood. Both were convicted of the charge, Lane received a life sentence and Sawyer received a death sentence. See, State v. Sawyer, 422 So.2d 95 (La.1982) and State v. Lane, 414 So.2d 1223 (La.1982). The homicide occurred in Gretna and was investigated by the Gretna Police Department.