UCARTER, Judge.
This is an appeal from a trial court judgment, denying petitions for writ of mandamus filed by plaintiff.

FACTS

On September 8, 1994, plaintiff, Kirksey M. Nix, Jr., an inmate at Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of mandamus to require William M. Daniel, Sheriff of West Feliciana Parish, to comply with plaintiffs May, 1994, public records request for records of 1988 and 1989 charges of theft, fraud, and conspiracy against plaintiff and his wife, Kelly Dawn Nix. On that same date, plaintiff filed a petition for writ of mandamus to require George “Hal” Ware, District Attorney of West Feliciana Parish, to comply with plaintiffs public records request of March 5,1994, pertaining to State v. Nix, suit numbers 228552, 228553, and 228554. The trial court subsequently ordered that the two suits be consolidated, noting that they involve the same issues of fact and law, and ordered that Ware, Daniel, and Deputy Ivy Cutrer to produce their files pertaining to plaintiff and his co-defendants on April 13, 1995, or to show cause why the files should not be produced.
On April 13, 1995, a hearing was held on plaintiffs petitions for writ of mandamus. At the conclusion of the hearing, the trial judge denied both petitions for writ of mandamus, finding that criminal litigation can be reasonably anticipated and, therefore, the records are exempt from public disclosure.[2] On April 26, 1995, plaintiff filed a motion to “reconsider, seal records, set return date for appeal.” On May 10, 1995, the trial judge denied plaintiffs application for reconsideration.
Plaintiff appealed from the trial court judgment denying the petitions for writ of mandamus, assigning the following specifications of error:'[3]
|31. The trial court erred in failing to enforce a state court subpoena which was issued to Sheriff Daniel prior to a subpoena being issued to him by the federal court, where plaintiff ignored the state court subpoena and complied with the federal subpoena.
2. The trial court erred in determining that the Louisiana Public Records Act exempts from disclosure anticipated criminal litigation in foreign jurisdictions.
3. The trial court erred in determining that LSA-R.S. 44:3(A)(1), regarding “criminal litigation that can be reasonably anticipated,” prohibits disclosure of records to plaintiff when no state investigation nor prosecution is anticipated, yet an investigation is on-going in a foreign jurisdiction involving matters which plaintiff may or may not be involved in.
4. The trial court erred in finding that the defendants proved that “criminal litigation can be reasonably anticipated” with regard to plaintiff and ex *575 empted the public records from disclosure.

ACCESS TO PUBLIC RECORDS

The right of access to public records is fundamental. Article 12, § 3 of the Louisiana Constitution of 1974 provides that “[n]o person shall be denied the right ... to examine public documents except in cases established by law.” Generally, all records, writings, recordings, tapes, reproductions, and electrical data used, prepared for use, possessed, or retained by any instrumentality of state, parish, or municipal government are “public records,” except as otherwise provided specifically by law. LSA-R.S. 44:1A(1) and (2); Cormier v. Public Records Request of Di Giulio, 553 So.2d 806, 806 (La.1989); Marler v. 22nd Judicial District Court, Parish of Washington, 93-2394 (La.App. 1st Cir. 11/10/94), 645 So.2d 821, 822.
LSA-R.S. 44:1 et seq. sets out the procedure to guarantee access to various public records and provides for enforcement of this right by writ of mandamus, injunctive, or declaratory relief. LSA-R.S. 44:35. Should the custodian refuse to allow access to the public records, the custodian must defend his action in a contradictory hearing. However, the enforcement provisions of LSA-R.S. 44:35 presuppose the existence of the records in the office of the custodian. Revere v. Taylor, 613 So.2d 738, 738 (La.App. 4th Cir.), writ denied, 615 So.2d 332 (La.1993).
ULSA-R.S. 44:3A(1) specifically excludes from classification as public records those records “pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled.”
“Criminal litigation” means an adversarial contest begun by formal accusation and waged in judicial proceedings in the name of the State, by the district attorney, on the one hand, and against the defendant on the other. Criminal litigation is “pending” when the formal accusation is instituted either by the district attorney (bill of information) or by the grand jury (indictment). Criminal litigation may be “reasonably anticipated” when the district attorney, who is in charge of criminal prosecutions, concludes that it is probable that an arrest will be made and formal accusation will be instituted in due course against a potential criminal defendant as the criminal investigation progresses. Voelker v. Miller, 613 So.2d 1143, 1144 (La.App. 5th Cir.1993), citing Harrison v. Norris, 569 So.2d 585, 589 (La.App. 2nd Cir.), writ denied, 571 So.2d 657 (La.1990).
In Loewenwarter v. Morris, 420 So.2d 550, 556 (La.App. 4th Cir.), writ denied, 421 So.2d 252 (La.1982), the Fourth Circuit stated that LSA-R.S. 44:3A(1), which protects from disclosure all records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, can only apply to state criminal litigation. The court cited, with approval, the trial court’s reasons, which provided, in pertinent part, as follows:
“But the statute mandates pending criminal litigation or reasonable anticipation of criminal litigation and such is not the case herein. In view of the fact that the Public Records Act is a state statute enacted by the state legislature applicable to officers and agencies of the State and in view of the fact that the exemptions to the public Records Act LSA-R.S. 44:3 are to be construed strictly, the Court is of the opinion that the records herein requested do not meet the standards enumerated in LSA-R.S. 43:3 ... [A(1) ] in that the criminal litigation referred to therein refers to and is applicable to litigation proceedings in State Court.”
Although our brethren of the Fourth Circuit found that records pertaining to federal criminal litigation or in reasonable anticipation of federal criminal litigation are not protected by LSA-R.S. 43.3A(1) this language is obiter dicta.
| sAs correctly set forth in Judge Lobrano’s concurring opinion in Loewenwarter, 420 So.2d at 557, there was no showing that the documents sought pertained to any pending *576 federal criminal litigation.[4] Judge Lobrano stated:
I concur with the holding that appellee is entitled to the requested police records but do not agree with the interpretation of the “pending criminal litigation” exemption of La.R.S. 44:3A(1). The majority holds that “pending criminal litigation” refers only to state criminal litigation. Although the exemptions in a “public records statute” should be read narrowly, to hold that “pending criminal litigation” excludes federal criminal prosecution would be in error. The inevitable result of such a holding would be that a federal defendant would be able to obtain state investigative reports which may be a vital part of the federal prosecution in those instances where local law enforcement agencies often initiate investigations leading to federal criminal prosecution.
In the instant case the record reveals no showing that the documents sought pertain to the pending Federal criminal litigation which defendant seeks to use as an exemption. Therefore I conclude they are public records, and agree that the trial judge’s order should be dismissed.
In the instant case, on April 13, 1995, a contradictory hearing was held on the petitions for writ of mandamus. The only witnesses to testify were West Feliciana Parish Sheriffs Deputy Ivy Cutrer, on behalf of Sheriff Daniel, and District Attorney Ware. At the conclusion of the hearing, the trial court found that there was an on-going federal investigation, that a grand jury had been formed, and, thus, criminal litigation can be reasonably anticipated. Accordingly, the trial court found that the records plaintiff requested were exempt from public disclosure, based on LSA-R.S. 44:3 A(1), and, therefore, denied plaintiffs petitions for writ of mandamus.

A. Sheriff Daniel

Deputy Ivy Cutrer testified, on behalf of Sheriff Daniel, that he was the chief investigator for the West Feliciana Parish Sheriffs Office in the homosexual scam investigation. Cutrer indicated that he testified before a grand jury in the Southern District of Mississippi regarding this matter and that indictments were issued as a result of the grand jury investigation. According to Cutrer, he has maintained continuing contact with the federal officials in Mississippi regarding this matter. Cutrer testified that there is an onjgoingf, federal investigation involving plaintiff and that he received a letter from the U.S. Attorney’s office concerning the utilization of his investigative file in this matter. Cutrer explained that the U.S. Attorney’s office requested that he not disclose his file to any outside sources because of the on-going investigation.[5] Cutrer stated that, according to the face of the letter, District Attorney Ware was sent a copy of the letter.
Cutrer identified a subpoena issued to him by a federal grand jury, requesting that he bring his investigative file in this matter to the U.S. Attorney’s office. Cutrer testified that he complied with the subpoena and brought the requested file to the U.S. Attorney’s office on March 28, 1995. Cutrer indicated that he no longer has custody of any records requested by plaintiff. A letter, dated March 28, 1995, from the U.S. Attorney’s office, acknowledging receipt of Cutrer’s records, was filed into evidence. The letter indicates that the records were turned over to the Federal Bureau of Investigations on March 28,1995.
The record reveals that the sheriffs office does not have in its possession the records requested by plaintiff. Because the requested records do not exist in the sheriffs office, Sheriff Daniel cannot be mandated to turn over the records. See Revere v. Taylor, 613 So.2d at 738. Therefore, we conclude that the trial court did not err in denying plaintiffs petition for writ of mandamus against Sheriff Daniel.

*577
B. District Attorney Ware

District Attorney Ware testified that, in 1986, his office investigated a homosexual scam at the Louisiana State Penitentiary in Angola. He indicated that a number of indictments were issued by the West Feliciana Parish grand jury in conjunction therewith. According to Ware, he has in his possession a file regarding plaintiffs involvement in the scam. Ware indicated that there is an ongoing federal investigation in the matter.
On cross-examination, Ware acknowledged that he had previously written a letter to plaintiff, indicating that plaintiff could obtain a copy of the file in Ware’s possession if plaintiff paid the copying fees. However, Ware explained that, after he forwarded the letter Rto plaintiff, he received a request from the U.S. Attorney’s office that he not disclose the file because there is an on-going federal investigation. Ware testified that there is no on-going state prosecution against plaintiff, but that the items in his file are part of the on-going federal investigation.
The record reveals that District Attorney Ware has in his custody a copy of the records requested by plaintiff. We note and disagree with the obiter dicta in Loewenwar-ter. We agree with the rationale of the concurring opinion and conclude that “records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated” refers to both state and federal criminal litigation. Accordingly, we find that LSA-R.S. 44:3(A)(1) exempts from public disclosure the records in the possession of District Attorney Ware, which pertain to federal criminal litigation which can be reasonably anticipated. The trial court correctly denied plaintiffs petition for writ of mandamus against District Attorney Ware.

CONCLUSION

For the foregoing reasons, the trial court judgment, denying plaintiffs petitions for writ of mandamus against Sheriff Daniel and District Attorney Ware, is affirmed. Appeal costs are assessed against plaintiff.
AFFIRMED.

. On June 12, 1995, the trial judge signed a written judgment, denying the petitions for writ of mandamus.

.Although the opinion does not address each assignment of error individually, the opinion adequately disposes of all issues raised.

. In denying the writ application filed in Loewen-warter, the supreme court noted that "[t]he result is correct.”

. A letter, dated October 18, 1994, was filed into evidence. The letter was from U.S. Attorney First Assistant Kent McDaniel, requesting that none of the files related to this matter be disclosed because of the on-going investigation.