ROLAND L. BELSOME, Judge.
Bln this appeal, Preston Russell seeks review of the trial court judgment denying his request for a rehearing. For the following reasons, we affirm.

STATEMENT OF FACTS/PROCEDURAL HISTORY

Mr. Russell filed a petition for a writ of mandamus, seeking to have the trial court order Arthur A. Morrell, the Orleans Parish Clerk of Criminal Court, to comply with Mr. Russell’s public records’ request. Mr. Russell alleged that he sent a letter to the Clerk of Court seeking the cost to obtain a copy of his Boykin transcripts and did not receive a response. Mr. Russell alleged that Mr. Morrell is the custodian of the Boykin transcripts. On July 8, 2011, the trial court determined that Mr. Mor-rell was not the custodian of the Boykin transcripts and issued a judgment denying Mr. Russell’s request for a writ of mandamus.
On July 20, 2011, Mr. Russell filed a motion for a rehearing, seeking to vacate the July 8, 2011 judgment. After holding a hearing, in which Mr. Russell was present, the trial court denied the motion for a rehearing on September 27, 2011. This appeal followed.
Mr. Russell argued that the trial court erred in denying his petition for a writ of mandamus and request for rehearing.
| ¡.First, we address Mr. Russell’s argument that the trial court erred in denying his petition for a writ of mandamus. “Mandamus is a writ directing a public officer ... to perform any of the duties set forth in Articles 3863 and 3864.” La. C.C.P. art. 3861. Such a writ may be issued when “the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice.” La. C.C.P. art. 3862. A writ of mandamus is an extraordinary remedy. Henderson v. Bigelow, 2007-1441, p. 3, fn. 3 (La.App. 4 Cir. 4/9/08), 982 So.2d 941, 943. “Mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It never issues in doubtful cases.” Chaney v. Department of Public Safety & Corrections (Office of Motor Vehicles), 2009-1543, pp. 3-4 (La.App. 1 Cir. 3/26/10), 36 So.3d 328, 331, citing Morris v. Patient’s Compensation Fund Oversight Bd., 2007-2468, p. 5 (La.App. 1 Cir. 5/28/08), 991 So.2d 551, 554.
The Louisiana Constitution provides that “[n]o person shall be denied the right to ... examine public documents, except in cases established by law.” La. Const, art. 12, § 3. Under the Public Records Act, the custodian of public records has a duty and responsibility to provide access to the public records. La. R.S. 44:31. If the *535 public record is not in the custody of the person to whom the application is made:
[S]uch person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control. He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter.
La. R.S. 44:34.
13Mr. Russell argued that Mr. Mor-rell’s assertion that he is not the proper custodian fails because the Boykin colloquies have been transcribed. Mr. Russell pointed to our decision in State v. Russell, 2011-1469, unpub., p. 1 (La.App. 4 Cir. 11/21/11) as proof that a Boykin colloquy has been transcribed. In that decision, this Court denied Mr. Russell’s writ application, finding that the district court complied with this Court’s prior order to provide Mr. Russell with a copy of his Boykin transcript. Id.
Mr. Russell concluded that once a proceeding is transcribed, the transcript is filed in the court’s record, which makes Mr. Morrell, as the Clerk of Court, the custodian of the transcript. Mr. Russell argued that according to La. R.S. 44:31, he has the right to obtain a reproduction of the transcripts in the record from the custodian.
Mr. Russell argued that even though the time for filing a petition for post-conviction relief has passed, he is still entitled to the transcripts. Mr. Russell cited State ex rel. McKnight v. State, 98-2258 (La.App. 1 Cir. 12/3/98), 742 So.2d 894, in support of his argument that he is still entitled to the transcripts. In McKnight, the court noted:
A “person” who wants to examine public records must make the request to the custodian of the records. See La. R.S. 44:31 & 44:32. An individual in custody after sentence following felony conviction who has exhausted his appellate remedies is permitted access to public records if the request is limited to grounds upon which the individual could file for postconviction relief under La. Code Crim. P. art. 930.3. La. R.S. 44:31.1. Section 31.1 does not prevent an inmate from seeking records simply because the three-year time limitation for the filing of postconviction relief has passed. State ex rel. Leonard v. State, 96-1889 (La.6/13/97), 695 So.2d 1325. See La.Code Crim. P. art. 930.8. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the trial court level. See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the |4documents. See State ex rel. Nash v. State, 604 So.2d 1054 (La.App. 1st Cir. 1992). After the trial court issues a ruling in the civil proceeding, the person may seek a civil appeal of the trial court?s action, if he desires. See La. R.S. 44:35(C).
Id., 98-2258, p. 1, 742 So.2d at 895.
Thus, Mr. Russell is correct that he may obtain a copy of his Boykin transcripts via a public records request whether or not the time limitation for filing an application for post-conviction relief has passed, provided he pay the regular fee.[1]
However, Mr. Russell is to make his request to the custodian of the Boykin *536 transcripts. Mr. Russell concluded that Mr. Morrell, as the Clerk of Court, is the proper custodian of the Boykin transcripts. But, Mr. Russell cited no support for his conclusion that Mr. Morrell is the custodian on the Boykin transcripts.
“In felony cases, ... the clerk or court stenographer shall record all of the proceedings ...” La.C.Cr.P. art. 843. In Orleans Parish,[2] the court reporter or stenographer shall:
Prepare, make up, and furnish to the clerk of the criminal district court the transcript of the testimony, including bills of exceptions, motions, writs, and all court proceedings, taken in all cases appealed from judgments of the criminal district court to the judges of this court sitting as a court of appeals, and to the supreme court, as may be required by the clerk of the appropriate appellate court. The clerk of the criminal district court shall prepare, make up, and furnish the transcripts of appeals to the supreme court.
La. R.S. 13:1373(B)(3).
We have found no requirement that Mr. Morrell, Clerk of Criminal District Court, file a transcript into the criminal record, thereby making him | Bthe custodian of the transcript. The clerk of court merely receives the transcript and sends it on to the appellate court and/or counsel. Thus, in order to obtain a transcript, one must, contact the district court division wherein the proceeding took place.[3] It is the duty of the trial court to require that “criminal proceedings [shall] be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done.” La.C.Cr.P. art. 17. The jurisprudence supports this conclusion. See State v. Landry, 97-0499 (La.6/29/99), 751 So.2d 214, 216 (wherein the court noted that it is the duty of the trial judge to insure that the court reporter makes a true copy of the proceedings, citing La.C.Cr.P. art. 17) and State v. Johnson, 256 La. 592, 237 So.2d 389, 392 (1970) (wherein the court stated that it is incumbent upon the trial judge to order the court reporter to transcribe testimony taken).
Thus, there is no clear and specific legal duty that ought to be performed by Mr. Morrell. We find no error in the trial court?s determination that Mr. Morrell was not the custodian of the record sought by Mr. Russell and denial of Mr. Russell’s petition for a writ of mandamus.
In his second assignment of error, Mr. Russell argued that the trial court erred in denying his request for a rehearing. In essence, Mr. Russell sought a new trial. A trial court shall grant a new trial when:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
|fi(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
La. C.C.P. art. 1972.
Mr. Russell’s request for rehearing argued that the trial court did not consider *537 his response to the Clerk of Court’s answer prior to issuing its judgment of July 8, 2011. Mr. Russell’s response to the answer alleges that all of the transcripts have been transcribed and, thus, Mr. Mor-rell is the custodian. Also, Mr. Russell argues that the Clerk of Court failed to certify in writing that he did not possess the records pursuant to La. R.S. 44:84. Mr. Russell also attached a letter from Judge Pittman’s law clerk, alleging that the letter provided Mr. Russell was to contact Mr. Morrell for the transcripts.
We have already addressed Mr. Russell’s argument that Mr. Morrell became the custodian of the transcripts upon their completion. We find no support for this contention.
Next, we notice that the record lacks proof that the Clerk of Court complied with La. R.S. 44:34 by sending Mr. Russell a writing certifying why he could not produce the requested public records. However, the law provides no remedy for the non-compliance of this statute by a noncus-todian. Further, the appellee brief and this opinion outline why the Clerk of Court is not the custodian of the transcripts. Requiring the Clerk of Court to certify in writing why he is not the custodian would serve no useful purpose. This Court has found that “[a] case is ‘moot’ when a rendered judgment or decree can serve no useful purpose and give no practical relief |7or effect.” Fourroux v. Board of Com’rs for Orleans Levee Dist., 2002-0374, p. 9 (La.App. 4 Cir. 1/8/03), 837 So.2d 698, 704, citing Robin v. Concerned Citizens for Better Education in St. Bernard, Inc., 384 So.2d 405, 406 (La.1980).
Lastly, Mr. Russell misconstrued the letter from Judge Pittman’s law clerk. The letter reads, “If you are seeking these transcripts, you need to contact these sections directly with a transcript request form.” Nothing in the letter indicates that Mr. Morrell is in possession of the transcripts or is the custodian of the transcripts.
The July 8, 2011 judgment was not clearly contrary to the law and the evidence, and Mr. Russell submitted no new evidence. Thus, we find that the trial court did not err in denying Mr. Russell’s request for a rehearing.

CONCLUSION

Accordingly, the judgment of the trial court denying the petition for writ of mandamus is affirmed.
AFFIRMED.

. This does not limit the right of the custodian to make an inquiry pursuant to La. R.S. *536 44:31.1.

. Mr. Morrell cited La. R.S. 13:961 in support of his argument that the court reporter is the custodian of the transcript. However, that statute applies to all parishes except Orleans Parish.

. Further, Mr. Russell submitted a letter from Judge Pittman’s law clerk which provided that Mr. Russell was to contact directly the division wherein the proceeding took place to obtain a copy of his transcript.