WICKER, J.
The instant appeal arises from a mandamus proceeding, wherein plaintiff, Abdullah Muhammad a/k/a/ Kirk Spencer, sought to obtain records under the Public Records Law from the St. James Parish District Attorney's Office relating to his 1992 first degree murder conviction. In this appeal, plaintiff seeks review of the trial court's denial of his motion for costs, attorney's fees, and penalties pursuant to La. R.S. 44:35. For the following reasons, we affirm the district court's judgment.
FACTS
The facts of this case have been well established as plaintiff has come before this Court on three other occasions relating to his writ of mandamus.[1] A reiteration of the facts is provided below.
*423 In 1992, plaintiff was convicted of first degree murder and sentenced to imprisonment at hard labor for a term of life without the benefit of parole, probation, or suspension of sentence. Plaintiff's conviction and sentence became final in 1995 when this Court affirmed his conviction and sentence on direct appeal and the Louisiana Supreme Court declined certiorari review. See State v. Spencer , 93-571 (La. App. 5 Cir. 1/25/94), 631 So.2d 1363, writ denied , 94-488 (La. 2/3/95), 649 So.2d 400.
In 2004, plaintiff sent correspondence to the Office of the District Attorney for the Twenty-Third Judicial District requesting copies of the District Attorney's case files in Docket Nos. 1695 and 1696.[2] On July 7, 2004, Assistant District Attorney Anthony T. Marshall sent plaintiff a letter notifying him that the cost to copy the requested files totaled $182.00, which plaintiff paid. On September 23, 2004, Mr. Marshall sent plaintiff a second letter which read, "Enclosed is the copy of the District Attorney's file as you requested."
On February 3, 2005, plaintiff filed a "Motion to Compel" production of the District Attorney's file in Docket No. 1695, alleging that he had paid the District Attorney for a copy of the files in Docket Nos. 1695 and 1696, but did not receive a copy of the file in Docket No. 1695. On February 3, 2005, the district court denied plaintiff's motion without reasons. Plaintiff sought supervisory review of the denial of his motion, and on March 4, 2005, this Court denied plaintiff's writ "on the presentation." State of Louisiana ex rel. Abdullah Muhammad v. Burl Cain , 05-249 (La. App. 5 Cir. 3/4/05) (unpublished writ disposition).
On or about May 22, 2013, plaintiff's retained counsel, Michael J. Rocks, sent a public records request via certified mail to Ricky Babin, District Attorney for the Twenty-third Judicial District, requesting the opportunity to inspect and copy all of the District Attorney's records related to plaintiff's criminal case in Docket No. 1695. The return receipt indicates that Mr. Rocks' letter was received on May 31, 2013. On or about June 27, 2013, Mr. Rocks sent a second request via certified mail. The return receipt on the second certified letter indicates that the letter was unclaimed. On August 2, 2013, Mr. Rocks sent a third and final request via certified mail. The return receipt on this final letter reflects that it was received, though the date of receipt is illegible.
After receiving no response, on July 14, 2014, plaintiff filed a "Petition for Writ of Mandamus under the Louisiana Public Records Act," naming as defendants the Office of the District Attorney for the Parish of St. James and District Attorney Ricky Babin, in his official capacity as custodian of records (hereinafter referred to collectively as "the District Attorney"). In his petition, plaintiff alleged that he and his attorneys had repeatedly requested copies of the case file from his first degree murder criminal proceeding and that the District Attorney consistently failed to respond to the requests. Plaintiff's petition further alleged that, pursuant to the Public Records Law, the custodian of records *424 bore the burden of establishing the current location of the requested records, the last known location of the requested records, or the efforts which had been made to attempt to locate the requested records. Accordingly, plaintiff requested that the district court issue a writ of mandamus ordering the District Attorney to provide the records to plaintiff and award attorney's fees and court costs incurred in obtaining the records, as well as other damages and penalties provided by the Public Records Law. Plaintiff attached to his petition the earlier record requests sent by his attorney via certified mail.
On August 18, 2014, the District Attorney filed an answer to plaintiff's petition, denying the allegations therein, and further asserting that plaintiff, as a convicted felon still in state custody, is not a "person" as defined in the Public Records Act and, thus, under La. R.S.44:31.1,[3] is not entitled to the requested records. The District Attorney also alleged that it had already provided plaintiff with a copy of the records, citing the September 23, 2004 letter from Mr. Marshall, which preceded plaintiff's 2005 "Motion to Compel."
At the September 24, 2014 hearing on plaintiff's petition, the district court, sua sponte , raised the issue of whether the February 3, 2005 denial of plaintiff's "Motion to Compel" precluded plaintiff's petition under the doctrine of res judicata, to which plaintiff's counsel responded in the negative. The District Attorney, without discussing the issue of res judicata, argued that plaintiff was not entitled to the records under La. R.S. 44:31.1, and further stated, "for argument sake, Judge, we don't know if the records still exist. They should have been shredded." At the conclusion of the hearing, the court ordered the District Attorney to produce the records within thirty days to allow the court to conduct an in camera inspection for privileged information.
Rather than turning over the records to the district court, on October 17, 2014, the District Attorney filed a "Response to Court's Verbal Order of September 24, 2014," in which the District Attorney raised the exception of res judicata and repeated its argument that plaintiff was not entitled to the records under La. R.S. 44:31.1. The District Attorney further asserted that, pursuant to La. R.S. 44:36(E)(1)[4] and the Records Retention Schedule of the District Attorney's Office, files of major felony criminal cases may be destroyed five years from the end of the calendar year in which a defendant's conviction and sentence become final, and that after a diligent search the District Attorney had been unable to locate any of plaintiff's requested records.
On November 26, 2014, plaintiff filed a "Rule for Contempt for Failure to Comply with Court Order and Motion to Strike" (hereinafter "Rule for Contempt"). In his "Rule for Contempt," plaintiff alleged that the District Attorney failed to timely comply with the district court's order to produce the records, that the District Attorney failed to provide a definitive statement denying that the records were in its custody, and that the District Attorney failed to provide a "detailed, written certification ... stating the reason for the absence of the records from their custody," as required by La. R.S. 44:34. Wherefore, plaintiff *425 urged the court to find the District Attorney guilty of contempt and order the District Attorney to produce the records in compliance with the district court's prior order.
The court's minutes reflect that at the February 24, 2015 hearing on plaintiff's "Rule for Contempt," the district court ordered the District Attorney to provide a certificate to the court within thirty days detailing where and when the records were destroyed. On April 7, 2015, plaintiff filed a "Motion to Reset Plaintiff's Rule for Contempt and Motion to Strike," wherein he alleged that the District Attorney failed to provide the district court with a certificate detailing the destruction of the records as ordered by the court and repeated his request that the court find the District Attorney guilty of contempt and order production of the documents or production of the certificate detailing destruction of plaintiff's records. On April 15, 2015, the District Attorney filed a "Motion to Re-set Hearing," asserting that the court had not ruled on the exception of res judicata raised in its October 17, 2014 "Response to Court's Order," and requesting the court schedule a hearing on the exception.
In its supporting memorandum and at the hearing, the District Attorney argued that the denial of plaintiff's "Motion to Compel" in 2005 precluded plaintiff's mandamus action under the doctrine of res judicata, because the denial of the motion was a valid and final judgment, the parties to the two actions are the same, the cause of action asserted in plaintiff's public records request existed at the time plaintiff filed his "Motion to Compel," and the cause of action asserted in plaintiff's public records request arose out of the transaction or occurrence that was the subject matter of the "Motion to Compel."
In response, plaintiff argued that the parties to the two actions are not the same, because plaintiff's "Motion to Compel" named assistant district attorney Mr. Marshall as a defendant, whereas, in the instant action, the District Attorney, in his capacity as custodian of records, and the Office of the District Attorney are named as defendants. Plaintiff further argued that the cause of action asserted in plaintiff's petition did not exist at the time of the earlier litigation, because plaintiff's "Motion to Compel" was provoked by Mr. Marshall's failure to provide plaintiff with the case files for which he had paid, whereas plaintiff's petition was filed as a result of the District Attorney's failure to respond to plaintiff's public records requests. Lastly, plaintiff argued that the transaction or occurrence that gave rise to plaintiff's petition is not the same as that which gave rise to plaintiff's "Motion to Compel," because the request for copies of his case files made in 2004 was a different transaction than plaintiff's public records requests made in 2013.
After hearing arguments from both sides, the district court took the matter under advisement. On September 14, 2015, the court issued a written judgment with incorporated reasons, granting the District Attorney's exception of res judicata and denying plaintiff access to the records under La. R.S. 44:31.1. This judgment did not discuss plaintiff's "Rule for Contempt." Plaintiff timely appealed,[5] arguing that the *426 district court erred in refusing to enforce its order to compel the District Attorney to produce the public records for an in camera inspection and to provide a written certification detailing the alleged destruction of the public records.
On appeal, this Court vacated the district court's judgment sustaining the District Attorney's exception of res judicata, finding that the District Attorney failed to show that the denial of plaintiff's motion to compel was a final judgment on the merits or that the causes of action in plaintiff's petition for a writ of mandamus and his motion to compel were identical claims or causes of action as required for res judicata to apply. See Muhammad v. Office of the DA for St. James , 16-9 (La. App. 5 Cir. 4/27/16), 191 So.3d 1149, 1155-56. Regarding plaintiff's entitlement to records under the Public Records Law, this Court found that the District Attorney did not meet its burden to show that plaintiff was not entitled to access the public records at issue under La. R.S. 44:31.1. See Muhammad , supra at 1156-58.
With respect to plaintiff's "Rule for Contempt," this Court found that the district court failed to conduct a proper hearing on plaintiff's rule for contempt. Muhammad , supra at 1158-60. At the February 24, 2015 hearing on plaintiff's rule for contempt, the court did not order the District Attorney to produce the public records, nor did the court find the District Attorney guilty of contempt for failure to comply with the court's earlier September 24, 2014 order; instead, the court ordered the District Attorney to provide it with a certificate detailing where and when plaintiff's records were destroyed within thirty days. Id . at 1154.
The District Attorney failed to comply with this February 24, 2015 order, and plaintiff re-urged his rule for contempt, requesting again that the court order the District Attorney to either produce the records in compliance with the court's September 24, 2014 order or produce a certificate detailing the destruction of the records in compliance with the court's February 24, 2015 order. Muhammad , supra at 1159. Plaintiff's second rule for contempt was scheduled for hearing on the same day as the District Attorney's exception of res judicata. Id. But, after the July 28, 2015 hearing, the court issued a written judgment granting the District Attorney's exception of res judicata without discussion of plaintiff's second rule for contempt. Id.
Consequently, this Court found the district court "erred in failing to conduct a full hearing on plaintiffs' Rule for Contempt, including requiring the District Attorney to produce a written certificate providing specific, ample, and detailed information regarding the alleged destruction of plaintiff's requested public records, as per La. R.S. 44:34." Muhammad , supra at 1160.
On the first appeal, this Court vacated the district court's judgment granting the District Attorney's exception of res judicata, vacated its finding that plaintiff was not entitled to the requested public records under the Public Records Law, and remanded the matter to the district court "for further proceedings consistent with this opinion, including a full hearing on plaintiff's November 26, 2014 Rule for Contempt." Muhammad , supra .
The district court heard the matter on remand on January 26, 2017. At that hearing, Ricky Babin, the St. James Parish District Attorney, filed into the record a "Certification of Absent Record," in which he attested that plaintiff's case file could *427 not be located in the District Attorney's files after a thorough and diligent search. In this Certification, Anthony Falterman, Mr. Babin's predecessor as the St. James Parish District Attorney, also attested that to the best of his knowledge and belief, plaintiff's case file-as a consequence of the 1996 recusal of the St. James Parish District Attorney's Office from plaintiff's criminal case-had been turned over to and was in the custody of the Louisiana Attorney General's Office. The District Attorney also filed into the record an exception of no right of action, arguing that because the District Attorney did not have custody or control of the public records at issue at the time of plaintiff's requests in light of its 1996 recusal, it is not the custodian of the records, and, therefore, plaintiff has no right of action against it.[6]
Following a hearing, the district court sustained the exception of no right of action and denied plaintiff's rule for contempt.[7] Relator sought review of both rulings. As to the contempt ruling, this Court considered relator's writ application on the merits and found that the district court did not abuse its discretion in denying plaintiff's motion for contempt, stating that the district court, within its discretion, found "no willful, intentional, knowing, or purposeful disobedience" of the Court's order sufficient to support a finding of civil contempt.
As to the District Attorney's exception of no right of action, the district court explained, in its reasons for judgment, that it construed the District Attorney's exception of no right of action as an exception of no cause of action and found that plaintiff had no cause of action under La. R.S. 44:35 against the District Attorney, who no longer had custody or control over the public records at issue. Plaintiff sought review of that judgment and, on March 14, 2018, this Court reversed the district court's judgment. This Court found that the district court erred in considering the exception as it was moot at the time of filing because the District Attorney pled the exception, after satisfying the two outstanding writs of mandamus by filing into the record a "Certification of Absent Record" at the January 26, 2017 hearing.
Further, in that appeal, plaintiff alleged that the district court erred in failing to award him attorney's fees, costs, penalties, and civil damages pursuant to La. R.S. 44:35. This Court found that a determination of plaintiff's entitlement to statutory attorney's fees as a prevailing party under La. R.S. 44:35 at that time would be premature.
Subsequent to this Court's opinion on plaintiff's second appeal, plaintiff re-urged a motion for costs, attorney's fees, and penalties pursuant to La. R.S. 44:35 in the district court. On August 27, 2018, the district court conducted a hearing on the matter and took it under advisement. In its written reasons signed on October 9, 2018, the district court found that although plaintiff established that he is a "person" who has a right to the records at issue under La. R.S. 44:31.1, he was not entitled to statutory attorney's fees and costs under La. R.S. 44:35(A) because he did not prevail in his suit. Specifically, the district court stated:
*428 The Court further finds that Petitioner has not prevailed in his suit. Since the inception of this action, the District Attorney's [sic] has asserted that [it] was not in possession of the file, and has made continuous efforts, though most of them not fruitful, to be relieved of any duty to produce the file. The Court cannot say that Defendant has prevailed when the District Attorney was ultimately unable to produce the records that were, in fact, in the Attorney General's Office's possession.
The district judge further declined to award plaintiff discretionary damages under La. R.S. 44:35(E), specifically stating, "[t]he Court, in its discretion, declines to penalize the District Attorney for failing to produce a file that was not in its possession." Thus, in a judgment signed October 9, 2018, the district court denied plaintiff's request for costs and attorney's fees, denied plaintiff's request for damages and penalties, and dismissed with prejudice plaintiff's Petition for Writ of Mandamus under the Louisiana Public Records Act. This timely appeal followed.[8]
DISCUSSION[9]
On appeal, plaintiff contends that the district court erred in denying his motion for attorney's fees and costs, as well as penalties and civil damages under La. R.S. 44:35. Plaintiff asserts that because he prevailed in his mandamus action and the district court ultimately determined that he was entitled to the public records at issue, La. R.S. 44:35 mandates the granting of attorney's fees and costs. He further asserts that, under La. R.S. 44:35(E), the trial court erred in denying his motion for penalties and civil damages because the District Attorney's actions, under the facts of this case, were clearly arbitrary.
Article XII, § 3 of the Louisiana Constitution states, "No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The right to access public records is a fundamental right guaranteed by both the Louisiana Constitution and the Public Records Law. Center for Constitutional Rights v. St. Charles Parish Sheriff's Office , 18-274 (La. App. 5 Cir. 12/27/18), 263 So.3d 980, 984, citing Muhammad v. Office of Dist. Attorney for Par. of St. James , 16-9 (La. App. 5 Cir. 4/27/16), 191 So.3d 1149, 1156. This right may only be denied when a law specifically and unequivocally provides otherwise. Williams Law Firm v. Bd. of Sup'rs of Louisiana State Univ. , 03-0079 (La. App. 1 Cir. 4/2/04), 878 So.2d 557, 562.
In cases involving criminal litigation, La. R.S. 44:3(A)(1) provides that a district attorney is not required to disclose records, or the information contained therein, when the record pertains to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled. Louisiana *429 Revised Statute article 44:31 places the burden on the appointive or elective office of a custodian and his employees to provide access to public records. However, La. R.S. 44:31.1 sets forth exceptions -specifically as it relates to incarcerated individuals- to the general rule of La. R.S. 44:31 and further defines the authority of the custodian. La. R.S. 44:31.1 states:
For the purposes of this Chapter, person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief under Code of Criminal Procedure Article 930.3. Notwithstanding the provisions contained in R.S. 44:32, the custodian may make an inquiry of any individual who applies for a public record to determine if such individual is in custody after sentence following a felony conviction who has exhausted his appellate remedies and the custodian may make any inquiry necessary to determine if the request of any such individual in custody for a felony conviction is limited to grounds upon which such individual may file for post-conviction relief under Code of Criminal Procedure Article 930.3.
Thus, under La. R.S. 44:31.1, access to public records is restricted for inmates who have exhausted appellate remedies for their felony convictions, in that the inmate's request is limited to grounds upon which the inmate may file for certain categories of post-conviction relief. Johnson v. Stalder , 97-0584 (La. App. 1 Cir. 12/22/98), 754 So.2d 246, 249. Further, the Louisiana Supreme Court has held post-conviction relief is not criminal litigation within the meaning of the Public Records Act. Landis v. Moreau , 00-1157 (La. 2/21/01), 779 So.2d 691, 695, citing Lemmon v. Connick , 590 So.2d 574 (La. 1991).
When a person is denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the Public Records Act, La. R.S. 44:35(A) allows for that person to institute proceedings for the issuance of a writ of mandamus, and to seek relief together with attorney's fees, costs, and damages.
In the instant appeal, plaintiff filed a petition for a writ of mandamus against the District Attorney on July 14, 2014, after three of his public records requests relating to Docket No. 1695 sent via certified mail to the District Attorney for the Twenty-third Judicial District went unanswered.[10] As the district court has now established that plaintiff meets the definition of "person" within the meaning of the Public Records Act and, further, that plaintiff has established that he has a right to the records sought in his mandamus action and defendants have not challenged this ruling on appeal, our attention turns to whether plaintiff is entitled to the attorney's fees, costs, and damages the district court denied pursuant to La. R.S. 44:35.
Under La. R.S. 44:35(A), a person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a public record may institute proceeding for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages.
La. R.S. 44:35 states, in relevant part:
*430 A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
* * *
D. (1) If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.
* * *
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
However, the Louisiana Supreme Court has stated that " La. R.S. 44:35, by its plain language, provides that 'any person who has been denied the right to inspect or copy a record' by the action of the 'custodian' of those records [has] a cause of action against the 'custodian.' " In re Matter Under Investigation , 07-1853 (La. 7/1/09), 15 So.3d 972, 981, quoting Vourvoulias v. Movassaghi , 04-0262 (La. App. 1 Cir. 2/11/05), 906 So.2d 461, 465. The word "custodian" is defined by La. R.S. 44:1 as "the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records." Shane v. Par. of Jefferson , 14-2225 (La. 12/8/15), 209 So.3d 726, 745 (emphasis in original). Thus, a reading of the language of the statutes in the Public Records Law and the Louisiana Supreme Court jurisprudence directs that enforcement of the cause of action under La. R.S. 44:35 is against the custodian of the records at issue. Further, jurisprudence has consistently found that the enforcement provisions of La. R.S. 44:35 presuppose the existence of the records in the office of the custodian. Chandler v. Ouachita Par. Sheriff's Office , 48,179 (La. App. 2 Cir. 8/7/13), 121 So.3d 1216, 1222-23 ; Nix v. Daniel, 95-1393 (La. App. 1st Cir. 2/23/96), 669 So.2d 573, writ denied, 96-0878 (La. 10/25/96), 681 So.2d 360 ; Lewis v. Morrell , 16-1055 (La. App. 4 Cir. 4/5/17), 215 So.3d 737, 743 ; Revere v. Taylor, 613 So.2d 738 (La. App. 4th Cir. 1993), writ denied , 615 So.2d 332 (La. 1993).
In the instant appeal, the St. James Parish District Attorney filed into the record a "Certification of Absent Record," in which he attested that plaintiff's case file *431 could not be located in the District Attorney's files after a thorough and diligent search. In this Certification, Anthony Falterman, Mr. Babin's predecessor as the St. James Parish District Attorney, also attested that to the best of his knowledge and belief, plaintiff's case file-as a consequence of the 1996 recusal of the St. James Parish District Attorney's Office from plaintiff's criminal case-had been turned over to and was in the custody of the Louisiana Attorney General's Office. As the District Attorney's office ceased control over the file in question in 1996, and the record does not reveal that they maintained a copy, duplicate, or reproduction of the file, we are unable to state that they are a "custodian" under La. R.S. 44:35. Therefore, plaintiff may not avail himself to the remedies afforded to a person who has been denied a right to public records by a custodian of the record, as the District Attorney's Office at the time of plaintiff's request was not a custodian of the record.[11]
Therefore, as discussed above, the statutorily provided penalties and damages awarded under La. R.S. 44:35 do not apply in cases against a noncustodian. See In re Matter Under Investigation , supra. Rather, La. R.S. 44:34 sets forth the procedure implemented when the individual to whom the public records request is made claims an absence of a public record from its custody or control. La. R.S. 44:34 provides:
If any public record applied for by any authorized person is not in the custody or control of the person to whom the application is made, such person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control. He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter.
La. R.S. 44:34 does not set forth any statutory entitlement to attorney's fees, costs, penalties, or damages for a non-custodian's failure to comply with the statute. See Russell v. Morrell , 11-1635 (La. App. 4 Cir. 5/2/12), 91 So.3d 533 (finding that "the law provides no remedy for the non-compliance of this statute [44:34] by a noncustodian"); see also Hatcher v. Rouse , 16-0666 (La. App. 4 Cir. 2/1/17), 211 So.3d 431, 438, citing Chandler v. Ouachita Par. Sheriff's Office , 48,179, p.10 (La. App. 2 Cir. 8/7/13), 121 So.3d 1216, 1223.[12]
*432 Accordingly, for the aforementioned reasons, we find that the district court did not err in denying plaintiff's request for attorney fees, penalties, costs, and damages under La. R.S. 44:35. The judgment of the district court is affirmed.
AFFIRMED

The procedural history has been taken from this Court's reported opinions in plaintiff's first and second appeals. See Muhammad v. Office of the DA for the Parish of St. James , 16-9 (La. App. 5 Cir. 4/27/16), 191 So.3d 1149 and Muhammad v. Babin , 17-548 (La. App. 5 Cir. 3/14/18), 241 So.3d 1231.

Docket No. 1695 corresponds to plaintiff's first degree murder conviction and Docket No. 1696 corresponds to plaintiff's conviction for armed robbery. Plaintiff's armed robbery conviction and sentence were affirmed by this Court on direct appeal. See State v. Spencer , 610 So.2d 289 (La. App. 5th Cir. 1992) (not designated for publication).

La. R.S. 44:31.1 limits certain incarcerated felons' rights of access to public records under the Public Records Law.

La. R.S. 44:36(E)(1) requires that public records of a prosecuting agency, pertaining to a criminal prosecution that results in a conviction, in a manner other than a plea, must be retained for three years from the date on which a defendant's conviction and sentence become final.

Plaintiff initially filed an application for supervisory writs with this Court. Upon review, this Court found that the district court's grant of the District Attorney's exception of res judicata was a final appealable judgment and granted the writ for the limited purpose of remanding the matter to the district court with instructions to treat plaintiff's application for supervisory review as a motion for appeal. See Abdulla Muhammad a/k/a Kirk Spencer v. Office of the District Attorney for the Parish of St. James, et. al. , 15-718 (La. App. 5 Cir. 12/23/15) (unpublished writ disposition).

Counsel for the Attorney General's Office notified the district court that it was in the process of searching for plaintiff's file, but that it was "very likely," in accordance with its record retention policy, that it no longer had possession of it.

The court's written judgments denying plaintiff's rule for contempt and sustaining the District Attorney's exception of no right action followed on January 30, 2017 and May 3, 2017, respectively.

On October 29, 2018, plaintiff filed a notice of intention to apply for supervisory writ, which the district court approved on October 30, 2018. On December 12, 2018, this Court found that the October 9, 2018 judgment of the district court determined the merits of the case, thereby making it a final judgment. Thus, this Court granted plaintiff's writ application for the limited purpose of instructing the trial court to construe plaintiff's notice of intent as a motion for appeal. On December 21, 2018, plaintiff filed a motion and order for appeal of the district court's October 9, 2018 ruling. The district court signed an order of appeal on January 7, 2019 granting an appeal from the October 9, 2018 judgment.

Defendants-appellees, the office of the District Attorney for the Parish of St. James, et. al ., has not filed an appellee brief on the issue in this case with this Court.

The return receipts from Plaintiff's certified request reveal that his first request was received on May 31, 2013; his second request on or about June 27, 2013 was unclaimed; and his final request sent on August 2, 2013 was also received, however, the received date is illegible.

We nevertheless reiterate, as we did in a previous opinion, that the District Attorney's conduct in this case is inexcusable. As this Court previously stated: "In our view, any reasonably organized filing system should have revealed in 2004 that the file in question had been turned over to the AG in 1996. The fact that it took thirteen years and extensive litigation to determine that a first degree murder file is no longer in the custody of the District Attorney, and now likely no longer exists, is not only an inefficient use of judicial resources, but also does not comport with the fundamental principles of fairness undergirding our system of justice." Muhammad v. Babin , 17-548 (La. App. 5 Cir. 3/14/18), 241 So.3d 1231, 1239.

To attempt to enforce the provisions of La. R.S. 44:34, plaintiff previously filed a motion to compel in the trial court to compel the District Attorney to comply with the certification provisions of La. R.S. 44:34, which the district judge eventually denied. This Court, in an unpublished writ disposition, denied relator's supervisory writ "on the presentation." Subsequently, after the district court ordered the District Attorney to comply with La. R.S. 44:34, which it failed to do, plaintiff also filed a motion for contempt. The district court, in its discretion, denied the motion for contempt. On supervisory review, this Court found that the district court did not abuse its great discretion in denying plaintiff's motion for contempt.